THE PEOPLE, ex rel. THE MUTUAL UNION TELEGRAPH COMPANY, Appellant, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, Respondent.

A telegraph company organized under the act of 1853 (Chap. 471, Laws of 1853), and owning a line partly within and partly without this State, omitted to render to the proper officer a true report of the cost of its works within the State, for the purpose of taxation, as required by said act ; the whole amount of its capital stock was entered in the assessment lists as the valuation of its property liable to taxation ; which sum was entered by the board of commissioners of taxes and assessments in the city of New York, in the "annual record," and notice was given that the books were open for examination and correction as required by the act of 1859 (§ 8, chap. 302, Laws of 1859.) The company did not appear or make any objection to the assessment until after the expiration of the time within which the commissioners had a right to correct it.   *Held*, that the failure of the company to make the report did not deprive the tax commissioners of jurisdiction to assess its property, and they were authorized, in fixing the amount, to proceed upon such information as they had ; and that as the assessment was regular and the company omitted to apply for a correction, it was not entitled to relief.

The act of 1880 (Chap. 269, Laws of 1880), giving a remedy by *certiorari*, to review and correct an illegal or excessive assessment, does not permit a party complaining of an assessment, who has omitted to avail himself of the opportunity provided by statute to remedy his grievance, after the assessment has been confirmed by lapse of time, to arrest the collection of the tax by a proceeding under said act.

(Argued April 29, 1885; decided June 2, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 1, 1884, which affirmed an order of Special Term, sustaining a decision of the commissioners of taxes and assessments, in the city of New York, in assessing the property of the relator, a corporation organized under the act chapter 471, Laws of 1853, providing for the incorporation of telegraph companies, and owning a line partly within and partly without this State; which decision was brought up for review by *certiorari*. (Reported below, 31 Hun 568.)

The material facts are stated in the opinion.

*Fisher A. Baker* for appellant. When a writ of *certiorari* is authorized by statute the court has the power to examine, upon the merits, every decision of the court or officers below upon questions of law, and to look into the evidence and affirm, reverse or quash the proceeding, as justice requires. (*People, ex rel. Mitchell*, v. *Lawrence*, 54 Barb. 589; *Morewood* v. *Hollister*, 6 N. Y. 312.) A writ of *certiorari* possesses all the characteristics of a writ of error under our former system of practice, and performs the same office as to inferior tribunals that a writ of error did to an inferior court of record. (54 Barb. 589.) Writ of error lies from a judgment by default. It is the duty of the assessors to make diligent inquiry for all taxable property, and to ascertain its value. The law requires their judgment. (*People* v. *Tax Com'rs*, 76 N. Y. 75.) The court below was in error in saying that the company was in default under chapter 471 of the Laws of 853. (*People* v. *Barker*, 48 N. Y. 76.) Corporations are to be assessed though no statement is made. (*People* v. *Tax Com'rs*, 76 N. Y. 75.) The statement of the company is in no case conclusive, but is only one species of evidence on which the assessors make up their judgment. (*People* v. *Barker*, 48 N. Y. 70; *People* v. *Tax Com'rs*, 76 id. 75.)

*D. J. Dean* for respondent. The failure of the relator to make any return whatever justified the tax commissioners, as

a matter of law, in retaining in the books of annual record, and in placing upon the assessment-rolls the assessment of $600,000. (Laws of 1853, chap. 471, § 3; Laws of 1857, chap. 436, § 3; 2 R. S. [7th ed.] 1036, §§ 1, 2; id. 1037; *People, ex rel. U. & B. R. R. R. Co.,* v. *Shiels,* 6 Hun, 556.) The relator was not exempted from taxation by section 8 of chapter 542 of the Laws of 1880. (91 N. Y. 274.)

ANDREWS, J. There was jurisdiction in the commissioners of taxes to make the assessment in question. The capital stock of the relator was subject to assessment in some amount under the act of 1853, under which the relator was incorporated. The third section of the act, for the purpose obviously of putting into the possession of the assessing officers information requisite for an accurate ascertainment of the amount of the stock of the corporation subject to taxation, requires a telegraph company whose line is partly within and beyond the limits of the State, to render " to the proper officer a true report of the cost to such company of their works within the State." The officer referred to must mean the assessing officer, or body which makes the assessment. The relator omitted to make any report as required by this section, between the first day of September, 1880, and the first day of May, 1881. Meanwhile the deputy tax commissioner having ascertained from the certificate of incorporation of the relator, that its capital stock was $600,000, inserted this sum in the assessment list as the valuation of the relator's property for the purpose of taxation. The board of tax commissioners entered this sum in the "annual record," and gave the notice that the books were open for examination and correction, as required by the act of 1859 (Chap. 302). The relator did not appear or make any objection to the assessment during the time limited, nor until after the right of the tax commissioners to correct the assessment, had expired. (See *Clark* v. *Norton,* 49 N. Y. 243; *Overing* v. *Foote,* 65 id. 263.) The eighth section of the act of 1859, declares that on the first day of May the books "shall be closed " to enable the commissioners to prepare the assessment-

rolls for delivery to the supervisors.    It was not until the 6th day of June, 1881, that the relator objected to the assessment. The failure of the relator to make the report required by the act of 1853, did not deprive the tax commissioners of jurisdiction to assess the relator's property, and they were authorized, we think, in fixing the amount of the assessment, to proceed upon such information as they might have, and the assessment cannot be avoided for want of jurisdiction.    The case made by the relator does not entitle it to relief under chapter 269 of the Laws of 1880.    The assessment was regular.    The relator did not avail itself of the opportunity to apply for a correction of the assessment, either on the ground of overvaluation, or of irregularity.    The act of 1880 gives a remedy by *certiorari* to review and correct an illegal, excessive, or unequal assessment.    But it would, we think, be an unwarrantable construction of the statute to permit a party complaining of an assessment, to lie by, without availing himself of the opportunity to remedy his grievance by application to the tax commissioners, under the statute of 1859, and after the assessment had become confirmed by lapse of time, to arrest the collection of the tax by a proceeding under the act of 1880.    There is an apparent injustice in compelling the relator to pay a tax on its whole capital, but it is an injustice brought about by its own negligence, first in omitting to make a report in compliance with the statute, and then in neglecting to apply to the tax commissioners within the time limited, for a correction of the assessment.

The order should be affirmed.

All concur.

Order affirmed.