6   PEOPLE ex rel. S. B. & S. R. R. CO. v. CHEETHAM.

FIFTH DEPARTMENT, JUNE TERM, 1887.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE SODUS BAY AND SOUTHERN RAILROAD COMPANY AND THE NORTHERN CENTRAL RAILWAY COMPANY, APPELLANTS, v. WILLIAM J. CHEETHAM AND OTHERS, ASSESSORS, JOHN A. BOYD, SUPERVISOR, AND SAMUEL W. BRUNDAGE, CLERK OF THE TOWN OF SODUS BAY, WAYNE COUNTY, NEW YORK, RESPONDENTS.

Certiorari — *review of an assessment, under chapter* 269 *of* 1880, *by a railroad company* — *when the writ will not be quashed because of a failure to furnish the statement required by section* 2 *of* 1 *Revised Statutes,* 414 — *what objections cannot be raised on a motion to quash* — *verification of the petition by the company.*

Upon an appeal from an order made at a Special Term quashing a writ of *certiorari*, issued under the provisions of chapter 269 of 1880, to review an assessment of the property of the relators, railroad corporations, made by the respondents, the assessors of a town, it appeared that the order was granted upon the ground that the relators had failed to make and deliver to the assessors the written statement required by section 2 of 1 Revised Statutes, 414, on or before the first day of July

*Held*, that, conceding that the statement should have been furnished, the failure of the relators to do so did not deprive them of their right to review the determination of the assessors, as the statute imposed no such penalty and the courts could not add penalties to those prescribed by the legislature.

That, in any event, the failure to make the statement could not deprive them of their right to review the action of the assessors in respect to alleged errors upon points concerning which the statement, if made, could not have given any information

An objection to an improper joinder of relators cannot be made on a motion to quash, but should be raised by a motion to strike out the party improperly joined.

It is sufficient if the petition be properly verified as to one of the relators.

An affidavit made by the superintendent of a railroad corporation stating that the company has "no director or general officer residing in the county" is sufficient.

APPEAL from an order made at the Monroe Special Term, and entered in Wayne county, quashing the writ of *certiorari* issued herein

*George M. Diven*, for the appellants.

*S. D. Bentley*, for the respondents.

Smith, P. J. :

The application for the writ of *certiorari* in this case was made under the provisions of chapter 269 of the Laws of 1880, to review an assessment of the property of the relators, made by the assessors of the town of Sodus. A return was made to the writ, which appears to have been verified on the 25th of September, 1886, and at a Special Term, held in the county of Monroe on the twenty-seventh of the same month, the return appears to have been read on the motion which resulted in the order from which this appeal is taken, and to have been then ordered to be filed. The order quashing the writ appears by a memorandum of the judge, contained in the appeal book, to have been granted upon the ground that the relators, having failed to make and deliver to the assessors a written statement as required by statute (1 R. S., 414, § 2) on or before the first day of July, should not have the writ.

The appellants' counsel contends that the provisions of the statute referred to require the statement therein prescribed to be made only to the assessors of the town where the corporation has its principal office. The point was ruled adversely to the appellants' contention in *The People ex rel. Dunkirk and F. Railroad Company* v. *Cassity* (46 N. Y. 46). The ruling was not a mere *obiter dictum*, as the appellants' counsel contends, but seems to have been essential to the conclusion reached by the court.

We are not prepared, however, to concur in the opinion that the failure of the relators to furnish the statement deprives them of the right to review the determination of the assessors. The statute imposes no such penalty. The fourth section prescribes the consequence of such failure, to wit, a forfeiture to the people of the State of the sum of $250. The courts cannot add penalties to those prescribed by the legislature. The prime object of requiring the statement is doubtless to furnish the assessors with information that will aid them in making the assessment. But the statement is not essential to their jurisdiction ; they may act on information derived from other sources, and if they do so, and act erroneously, to the prejudice of the assessed corporation, it seems illogical and unjust to deprive the corporation of the right to review such action. If the corporation should fail to appear before the assessors on the grievance day, and ask to have the alleged errors corrected, the case

8    PEOPLE ex rel. S. B. & S. R. R. CO. v. CHEETHAM.

Fifth Department, June Term, 1887.

would be different.   Having waived that opportunity, it might well be held that it had no standing to review the action of the assessors ; and that is all that is decided in *The People ex rel. Mutual Union Telegraph Company* v. *Commissioners of Taxes* (99 N. Y., 254), cited by the respondents' counsel, as we understand the case.

But if the views above expressed are erroneous, it is difficult to see upon what reason a failure to make the statement can be held to deprive the corporation of the right to review the action of the assessors in respect to alleged errors upon points concerning which the statement, if made, could not have given any information to the assessors.   In the present case the relators complain not only that the assessors have assessed as real estate property of the relators which is not real estate, but also that the assessment is unequal and excessive and that in making it the assessors have ignored and disregarded the proofs made before them by the relators.   Upon none of the points named, except the first one, would a statement such as is required by the statute have furnished any information or aid to the assessors.

Certain other positions are taken by the respondents' counsel on the argument, as reasons for affirming the order.   Attention is called to the fact that the Sodus Bay Company is not assessed, the entire assessment being against the other relator.   The petition upon which the writ was allowed alleges that the railroad, which is the subject of the assessment, is owned by the Sodus Bay Company, and is occupied by the Northern Central Company, under an arrangement between them, by which the latter company, among other things, pays all expenses of operating and maintaining the road, including the taxes assessed thereon.   That allegation is not contro- verted by the return.   Whether the fact so alleged makes the Sodus Bay Company a necessary or a proper party to the proceeding is a question which we think was not involved in the motion to quash the writ, and does not arise on this appeal.   If there is an improper joinder the remedy for the defect is not by motion to quash the writ, but by motion to strike out the party improperly joined.

It is also urged by the respondents' counsel that the petition for the writ is not properly verified.   This position resolves itself mainly into the objection that there is no verification as to the Sodus Bay company.   If it is properly verified as to one of the relators,

PEOPLE ex rel. S. B. & S. R. R. CO, v. CHEETHAM   9

Fifth Department, June Term, 1887.

that we conceive is enough upon a motion to quash. The only objection made to the verification on the part of the Northern Central Company is that the affidavit of Mr. Meade, the superintendent, does not state that either of the relators has "not an officer or director thereof then actually within the county," but states only that no such officer, etc., "resides" in said county. That is sufficient, we think, within the act of 1880, which does not prescribe the form of the verification, but merely requires that the petition be "duly verified."

Next, it is objected that the petition does not allege that the relators are aggrieved, etc., but merely that they "claim" to be aggrieved. There is a preliminary averment in that form, but it is followed, as we read the petition, by positive averments of the errors alleged, and thus the petition follows the statute, which provides that the remedy may be allowed to a party "claiming" to be aggrieved, upon a petition specifying the grounds of illegality, etc. (Sec. 1.)

Lastly, it is urged that the return not having been traversed, it is to be taken as conclusive and acted on as true. That rule applies to the case of a common law *certiorari;* but the statute under which this proceeding is taken provides no mode of traversing a return by pleading, and it seems to contemplate that, notwithstanding the return takes issue with material allegations in the petition, or avers new matter, the court, at the hearing, may order proofs to be taken, and the testimony so taken and reported shall be considered by the court in making its determination. (Sec. 4.)

We think the order quashing the writ should be reversed, with ten dollars costs and disbursements; and the motion to quash denied.

HAIGHT and BRADLEY, JJ., concurred.

Order quashing writ reversed, with ten dollars costs and disbursements, and motion to quash denied.