Haight, J.
The writ in this case was issued upon the petition of the relator, under and pursuant to chapter 269 of the Laws of 1880, to review the assessment roll of the town of Brutus in Cayuga county. The assessors, among other things, returned that the assessment roll made by them had been duly filed in the office of the town clerk before the writ was allowed and served, and that no statement was served upon them by the relator showing the real estate owned by it in the town, and the cost of such real estate. Upon such return the special term, on motion, made an order quashing the writ upon the ground that it appeared from the return that "the relator had not made and delivered to the assesors a written statement, as required by section 2, volume 1, page 414, of the Revised Statutes. This statute provides that “ The president, cashier, secretary, treasurer, or other officer of every such incorporated company shall, on or before the first day of July in each year, make and deliver to the assessors, or one of them, of the town or ward in which such company is liable to be taxed according to the provisions of *471 the sixth section of the second title of this chapter, a written ■statement specifying:
1. The real estate, if any, owned by such company, the towns or wards in which the same is situated, and the sums actually paid therefor. * * *
4. If the statements above required or either of them shall not be furnished by any company to the assessors and to the comptroller within thirty days after the time above provided, the company neglecting to furnish such statements or either of them shall forfeit to the people of this state for each statement omitted to be furnished, the sum of two hundred and fifty dollars.” Other provisions follow for collecting the penalty prescribed and for omitting the same in case the. comptroller shall be satisfied that the omission to file the statement was not willful. It was undoubtedly the duty of the relator to have made and delivered the statement required by this statute to the assessors, and by failing so to do it may have become liable for the penalty prescribed; but no other punishment is prescribed by the statute, and we do not understand that the courts have'power to impose any.
The statute further provides that “The assessors shall complete the assessment roll on pr before the first day of August in every year, and shall make out one fair copy thereof to be left with one of their number. They shall forthwith cause notices thereof to be put up in three or more public places in their town or ward. Such notices shall set forth that the assessors have completed their assessment roll, and that a copy thereof is left with one of their number at a place to be specified therein where the same may be seen and examined by any person interested until the third Tuesday of August, and that on that day the assessors will meet at a time and place, also to be specified in such notice, to review their assessments. On the application of any person conceiving himself aggrieved it shall be the duty of the said assessors on such day to meet at the time and place specified and hear and examine all complaints in relation to such assessments that may be brought before them.” 1 R. S., 393, §§ 19, 20.
It will be observe- that under this statute all persons conceiving themselves aggrieved by the assessment are entitled to a hearing before the board of assessors, and we apprehend that the relator was entitled to such hearing as well as any natural person, and that it could not be deprived thereof by its failure to comply with the statute requiring the statement to be filed before July first of the year.
The statute further gives the assessors the power to make any corrections in the assessment roll that shall appear just after hearing and examining the complaints of those conceiving themselves aggrieved.
. It is thus apparent that the assessors could at this time have relieved the relator if injustice had been done, even *472 though they did not have the aid of the statement required, in making the original assessment.
We are consequently of the opinion that the failure to make and deliver the statement to the assessors did not deprive the relator of the right to a hearing on grievance day and a correction of the roll by the assessors, if just and proper. And if the relator was entitled to this correction on grievance day, it has the right to have the same enforced through the writ issued for a review herein.
Our attention has been called to the case of The People, etc., ex. rel., The Mutual Union Telegraph Co., v. The Commissioners of Taxes, etc., (31 Hun, 568; affirmed in 99 N. Y., 254). The affirmance, however, appears to have been placed upon the ground that the relator neglected to appear before the commissioners of taxes on grievance day and enter complaint in reference to the assessment. Had the relator in the case under consideration neglected this remedy given by the statute, it might well be deemed to have waived any further right to review. But it appears on the return that the relator did appear on grievance day, through its authorized agent and attorney, and request that the valuation of' its property be changed and reduced; and that it then delivered to the assessors a sworn statement of its real estate and property within the town, together with its cost and value.
It'is now contended by the respondents, that the order quashing the writ was properly granted for the reason that the original assessment roll had been filed with the town clerk at the time that the writ was issued, and that the clerk was a necessary party to the writ. The order of the special term, however, was not made upon this ground; and we are of the opinion that it could not have been properly sustained if it had been.
We are aware that the common law writ should issue to the person or officers having the custody and control of the determination or papers sought to be reviewed and which are required to be returned by the writ; but the statute under which this writ was issued is quite different. The original assessment roll is not required to be returned. Ho stay of proceedings takes place. The officer to whom the writ is issued may return certified or sworn copies of the roll or papers required and may concisely set forth such other facts as may be pertinent and material to show the value of the property assesssed on the roll and the grounds for the valuation. Ho officers could wéll do this but the officers upon whom devolve the duty of making the assessment.
The statute provides mat the assessment roll, when completed and verified by the assessors, shall, in towns, on or before the first day of September, and in incorporated villages and cities, at the time prescribed by their respective charters, be delivered to the town, village or city clerk, *473 there to remain with such clerk or officer for a period of fifteen days for public inspection; and that public notice that such assessment roll has been completed and delivered to-such officer must be given; and that the fifteen days within which the writ must issue, provided for by this statute, commences to run from the day or the time when such notice is first given. It will thus be seen that the roll is delivered to-the clerk for public inspection, and that the writ must issue within fifteen- days; that the roll is required to remain in the hands of the clerk for such inspection after the notice lias been given. If, therefore the respondents’ position is correct, the clerk in every instance would be the officer to whom the writ would have to issue. Such, however, does not appear to be the meaning or the intent of the statute in question. People, etc., ex rel. The Ulster and Delaware Railroad Co. v. Smith and others, 24 Hun, 66.
At common law, the return to a writ of certiorari was conclusive as to the facts required by the writ to' be returned; but such, however, is not the case in reference to the return provided for by this statute, for it expressly provides that upon the hearing, if it shall appear to the court that testimony is necessary for the proper disposition of the matter, the court may take evidence or may appoint a referee to take such evidence as the court may direct, and report the same to the court; and such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made. The relator, therefore, was not bound by the return made by the respondents. It might have been able to furnish evidence that the statement required by the statute had been made and served. The court-should have given it an opportunity to do so if requested. A motion to quash the writ is somewhat in the nature of a demurrer. It is ordinarily based upon the papers upon which the writ was issued. It may properly be granted when it appears that the court had no jurisdiction, where the papers are insufficient to authorize it, where improper parties are joined or proper parties omitted, etc. It is not usual or customary practice to quash upon a hearing based upon the return. Upon such hearing the court should make a final order in the proceedings, either nullifying, confirming or modifying the determination under review.
The order should be reversed, with ten dollars costs and .disbursements.
Smith, P. J , and Bradley, J., concur.