THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM R. GRACE and Others, Respondents, v. SYLVESTER GRAY and Others, Assessors of Long Island City, Appellants.

45  243
152a 431

45  243
18ap 20

45h 243
51ad200

45h    243
81 AD 122

Certiorari *to review erroneous assessments* — 1880, *chap.* 269.

A motion to quash a writ of *certiorari* issued to review assessments for taxation under chapter 269 of 1880, upon the ground that neither the petition nor the writ show that the relators ever appeared before the assessors or made any objection during the period in which the assessments were open for inspection and corrections, should not be granted.

Appeal from an order made at the Kings County Special Term, and entered in Queens county, denying a motion to vacate a writ of *certiorari* to review assessments for taxation on real estate in Long Island City and referring the matter to a referee to take proofs. The motion to quash was made on the filing of the return and was based on the defect claimed to exist, both in the petition and the writ, that they did not show that the relators had ever appeared before the assessors or made any objection during the period while the assessment-rolls were open for inspection and corrections

*W. J. Foster*, for the appellants.

*Geo. E. Blackwell*, for the respondents

Barnard, P. J.:

If the writ of *certiorari* should be quashed there would be no trial according to chapter 269, Laws of 1880. The several petitioners aver an inequality in the assessment in respect to the individual case of the particular petitioner, and by the act they are properly joined. The return is not final, and when the parties desire to give evidence in support of their petition the court may take evidence.

This testimony by the act " shall constitute a part of the proceedings upon which the determination of the court shall be made." The act, therefore, was designed to destroy, in respect to the writ of *certiorari* to review assessments, the conclusiveness of the return. A new tribunal was made with power to review the case upon the return and any evidence taken in support of the petitioners. The only condition to the allowance of the writ is that it shall be allowed within fifteen days after the completion and delivery of the assessment-roll and the posting or publishing notice thereof as required by the act. There are facts which can be disputed by evidence in the face of a return to the contrary. The case of *The People ex rel. Mutual Union Telegraph Company* v. *Commissioners of Taxes* (99 N. Y., 254), arose in the city of New York. The court held that the law of 1880 did not dispense with the provision of chapter 302, Laws of 1859 in relation to assessments in the city of New York. The order should be affirmed, with costs and disbursements.

PRATT, J., concurred.

Order affirmed with costs and disbursements.