JAMAICA & B. ROAD *v.* CITY OF BROOKLYN.

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

1. TAXATION—ACTION TO SET ASIDE TAX DEED—APPEAL FROM ASSESSMENT.
   Laws N. Y. 1854, c. 87, § 4, provides that "toll-houses and other fixtures, and all property belonging to any plank or turnpike company, shall be exempt from taxation * * * until the surplus annual receipts of tolls on their respective roads over necessary repairs * * * shall exceed 7 per cent. per annum on the first cost of such road," and that in case of disagreement concerning such exemption said company may appeal to the county judge, whose decision shall be final. Laws N. Y. 1883, c. 114, commonly called the "Arrears Act," provides a scheme by which the board of assessors was empowered to examine all arrears of taxes, and determine, as to each parcel, how much of said arrearages ought to be assessed against it, etc.; and provides, further, for notice and hearing, and that the determination of such board shall be final and conclusive, and the amount so fixed a lien upon the land. *Held,* in an action to cancel tax sales on the ground that the property was

exempt from taxation, that plaintiff having taken no appeal from the original assessment in any of the years to the county judge, nor availed itself of the opportunity to be heard before the board of assessors, such original assessment, and the determination of the board, were final and conclusive; the court having found that all the requirements of the latter statute had been complied with by the board of assessors, and that in each of the years the surplus annual receipts of the road exceeded 7 per cent. on its first cost.

**·2. SAME—EXEMPTION—BURDEN OF PROOF.**

In such action, the burden is on plaintiff to show that the property˙was exempt from taxation.

**.3. SAME—SALE FOR TAXES—ARREARS ACT.**

Under the arrears act, (Laws N. Y. 1883, c. 114,) which provides a scheme by which the board of assessors was empowered to examine all arrears of taxes, and determine, as to each parcel, how much said arrearages ought to be assessed against it, etc., and that the amount so fixed shall be a lien upon the land, the property may be sold for the aggregate amount so assessed against it.

**·4. SAME—LIEN FOR TAXES—REPORT OF ASSESSORS.**

Where a tax was attempted to be assessed against a turnpike company, and was formally placed upon the books as a tax, it becomes a valid lien upon report of the board of assessors, under the arrearages act, though the original tax was not assessed as an entirety; there being no finding that any void tax or assessment was ever imposed upon such company's property.

Action by the Jamaica & Brooklyn road against the city of Brooklyn to cancel certain tax sales of plaintiff's property. Judgment for defendant, and plaintiff appeals.

PRATT, J. This is an action to cancel certain sales of plaintiff's property for taxes, and other relief in that regard, upon the ground that said property was exempt from taxation. In this proceeding, we think the burden was upon the plaintiff to show such exemption, and that he failed in the attempt. ·The plaintiff claims exemption under section 4, c. 87, Laws 1854, which is as follows: "Sec. 4. Toll-houses and other fixtures, and all property belonging to any plank or turnpike company, shall be exempt from taxation or assessment, for any purpose whatever, until the surplus annual receipts of tolls on their respective roads over necessary repairs, and a suitable reserve fund for repairs and relaying of plank, shall exceed 7 per cent. per annum on the first ·cost of such road. In case of any disagreement between the assessors of any town, village, or city, and any such company, concerning such exemption ·claimed, said company may appeal to the county judge of the county in which ·such assessment is proposed to be made, who shall, after due notice to the ·appealing party of such appeal, examine the books and vouchers of such company, and take such further proof as he shall deem proper, and shall decide whether such company is liable to taxation under this section, and his decision shall be final." No appeal was taken, in any of the years, to the county judge, as provided for in said statute, and it may well be claimed that the plaintiff lost its right to review the assessment by its own negligence. *People* v. *Commissioners, etc.,* 99 N. Y. 254, 257, 1 N. E. Rep. 773; *People* v. *Bank,* 39 Hun, 525; *People* v. *Cheetham,* 45 Hun, 7. But the case need not be put solely upon this ground. By chapter 114, Laws 1883, commonly ·called the "Arrears Act," a scheme was provided by which the board of assessors was empowered to examine all arrears of taxes, and adjust and determine, as to each parcel, how much said arrearages ought, in way of tax assessment and water-rate, to be laid, assessed, and collected out of said land by reason of any and all things covered or done in laying and assessing said taxes, assessments, and water-rates. It is then provided for notice and hearing, taking evidence and other matters, and, finally, that their determination shall be final and conclusive, and the amount so fixed become a binding tax, assessment, and lien upon such land. This statute conclusively answers the plaintiff's contention that its property could not be sold for aggregate amounts, as it was the duty of the assessors, under this statute, to fix and certify the aggregate amount of lien for which sale should be made. The findings show

that all the requirements of this statute were complied with by the assessors. The plaintiff failed to avail itself of the opportunity to be heard before the assessors after due notice, and, under the statute referred to, we think this determination was final. But plaintiff failed to show that it came within the exemption clause of section 4, c. 87, Laws 1854. The court below has found as a fact that "in each of the years the surplus annual receipts on the road of the plaintiff over necessary repairs, and a suitable reserve fund for repairs and relaying of plank, exceeded 7 per cent. upon the first costs of the road." This answers the entire contention of the plaintiff upon the merits. But plaintiff claims that the original tax was illegal and void, on the ground that it was not assessed as an entirety. It was attempted to be assessed, and the tax formally stood upon the books as a tax, was covered by the arrearage act before referred to, and became a valid lien on report of the assessors. But the conclusive answer to this claim is that there is no finding in the case to the effect that any void tax or assessment was ever imposed or laid upon plaintiff's property. We think the judgment rendered below was right, and must be affirmed, with costs.