THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE COMMERCIAL MUTUAL INSURANCE COMPANY, Appellant, *v.* THE TAX COMMISSIONERS OF THE CITY OF NEW YORK, Respondents.

*Certiorari proceedings — contents of petition — review of an assessment for taxation in New York county — waiver of objections — chapter 269 of 1880.*

Generally speaking, a petition and the return made in proceedings by certiorari are like pleadings in an action, but the same rules of construction applicable to pleadings will not in all cases be applied to them.

In all special statutory proceedings the statutory directions must be complied with or the proceedings will not be effectual, and unless a proper petition is presented the court is without jurisdiction to entertain a proceeding by certiorari,

12    PEOPLE ex rel. INS. CO. v. TAX COMRS.

First Department, December Term, 1894.          [Vol. 83.

The power of the Supreme Court to grant a writ of certiorari is limited by the provisions of chapter 269 of the Laws of 1880, and where it is sought to review an assessment of property made in any town, ward, village or city for the purposes of taxation, if the basis upon which the relief is sought is the illegality of the assessment, under the provisions of such act the petition must specify the particulars of the alleged illegality, and no general statement is sufficient.

The difference between the contents of a petition, when it is sought to review an erroneous or unequal assessment and one that is illegal, is prescribed, so far as the county of New York is concerned, by chapter 311 of the Laws of 1885 amending section 821 of chapter 410 of the Laws of 1882.

Where it is sought to review by certiorari an assessment for taxation made by a city, proof should be made that the grievances complained of are the same as those urged upon the assessing officers, the rule being that only such grievances can be corrected upon certiorari.

A relator has the right to waive any of the questions raised before the tax commissioners, or to waive some and insist upon other objections there presented.

In determining the question sought to be presented for review by a writ of certiorari, resort must be had to that portion of the petition which sets forth just what injury or injustice has been done which the relator seeks to have reviewed.

Parker, J., dissenting.

Appeal by the relator, The Commercial Mutual Insurance Company, from an order of the Supreme Court, made at the New York Special Term on the 29th day of May, 1894, and entered in the office of the clerk of the county of New York, quashing a writ of certiorari previously granted, and also from the judgment entered thereon.

*Esek Cowen*, for the appellant.

*James M. Ward*, for the respondents.

O'Brien, J.:

Generally speaking, it is correct to say that a petition and return upon certiorari proceedings are like pleadings in an action, but from this it does not follow that in all cases the rules of construction applicable to pleadings will be applied in such proceedings. It has been many times held that in all special statutory proceedings the statutory directions must be complied with or the proceedings will not be effectual. Here the power of the court to grant a writ of review is limited by the provisions of chapter 269 of the Laws of 1880, section 1 of which act reads as follows:

PEOPLE ex rel. INS. CO. *v.* TAX COMRS.     **13**

Hun.]               First Department, December Term, 1894.

"A writ of certiorari may be allowed by the Supreme Court on the petition, duly verified, of any person or corporation assessed and claiming to be aggrieved, to review an assessment of real or personal property for the purpose of taxation made in any town, ward, village or city of this State, when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of over-valuation, or is unequal. * * *"

Where the relief sought is based upon the ground of over-valuation or inequality, such a statement is sufficient to present the question to the court for review. But it will be noticed that where the basis upon which relief is sought is the illegality of the assessment, then the act provides that the petition must specify "the grounds of the alleged illegality." And this difference between the contents of a petition upon an erroneous or unequal assessment and one that is illegal, is enforced, so far as the county of New York is concerned, by chapter 311 of the Laws of 1885, amending section 821 of chapter 410 of the Laws of 1882, so that the latter should read :

"§ 821. A certiorari to review or correct on the merits any decision or action of the commissioners * * * shall be allowed by the Supreme Court or any judge thereof, directed to the said commissioners on the petition of the party aggrieved, but only on the grounds which must be specified in such petition, that the assessment is illegal, and giving the particulars of the alleged illegality, or is erroneous by reason of over-valuation."

It is certain, therefore, that unless a proper petition is presented the court is without jurisdiction to entertain the proceeding.

In the petition under review we find a statement of what occurred before the tax commissioners, which is entirely proper because necessary to show that the relator was diligent in asserting its claim, and for the additional reason that evidence should be offered that the grievances now complained of are the same as those urged upon the assessing officers, the rule being that only such can be corrected on certiorari. In this connection the petition states : "That prior to the first day of May, 1889, the said corporation petitioner duly protested, claimed, insisted and demanded from said commissioners of taxes and assessments that all the personal property and bank shares of the said corporation was on the second Monday of Janu-

ary, 1889, by the laws of the State of New York, exempted, and now is exempt, from assessment or taxation  *  *  *  upon the ground that all the personal property and bank shares of the said corporation is exempted from assessment or taxation by the laws of the State of New York." The petition further recites that notwithstanding the proceedings had before the commissioners, they duly transmitted, as required by law, the assessment rolls of real and personal estate to the board of aldermen, which latter board received the same and thereafter directed the commissioners to proceed with the levying of the tax, which they did by publishing notice to the effect that the assessment rolls had been finally completed and delivered to the board of aldermen, and that they would remain open to public inspection in the office of the clerk of the board for a period of fifteen days.

Then follows what we regard as the crucial and controlling part of the petition, viz. :

"And your petitioner shows that the said assessment upon the said valuation of personal property and bank shares for the purpose of taxation and said assessment is illegal, invalid and void and erroneous, and that your petitioner will be injured by such illegal and erroneous assessment, and your petitioner specifies the following grounds of illegality and error :

"That the said commissioners have over-estimated the valuation of scrip representing the capital and surplus for the purpose of taxation, and illegally and erroneously included in their valuation of the personal property of the said corporation on said roll the following sums, to wit," etc.

It will thus be seen that all the recitals in the petition lead up to the one last quoted, in which the errors sought to be reviewed by certiorari upon this proceeding are clearly and specifically pointed out. That the relator did not intend to raise the question of illegality, but only that of over-valuation, plainly appears, not only from what follows in specifying the respects in which there was an over-valuation, but in omitting to specify any grounds of illegality, which would be necessary if it were intended to raise such question.

Though it is clear that if the relator were held to a statement of his grievances, which he thus desires to present by the writ, he could

PEOPLE ex rel. INS. CO. *v.* TAX COMRS.    15

Hun.]                FIRST DEPARTMENT, DECEMBER TERM, 1894.

not test the illegality, because the grounds are not specified, it is insisted that there is sufficient in the statement of what took place before the tax commissioners to enable the court to review the question of the illegality of the assessment. The answer to this seems to us to be patent. Whatever questions were raised before the tax commissioners, the relator had the right to waive any, or to waive some and insist on other, objections there presented. Thus, by way of illustration, though they had sought exemption on the three grounds of inequality, over-valuation and illegality, they could waive any of these, and, in determining the questions sought to be presented for review, resort must be had to that portion of the petition which sets forth just what injury or injustice has been done that the relator seeks to have reviewed. If we apply this test to the petition here, it will be seen that whatever questions may have been raised before the tax commissioners the relator intended to waive all except that of over-valuation, and the raising of the question of illegality upon this petition was clearly an afterthought, the result of a decision by the Court of Appeals favorable to the exemption claimed by insurance companies.

It is immaterial, therefore, what took place before the tax commissioners, except as showing what was there urged, entitling the relator, if he so elected, to present by proper averments in his petition the same questions to the court for review. If we assume that the averments in the petition were sufficient to show that the question of illegality was one of those presented to the tax commissioners, this at best gave but the right to the relator, if he assigned illegality as an error, to present by proper averments the same questions to the court for review. Our conclusion, therefore, is, that while a recital of what took place before the tax commissioners is proper, and, in one respect that we have pointed out, necessary, this is not all that the petition should contain, if the question of illegality is sought to be reviewed, the statute expressly requiring for this purpose a specification of the grounds of illegality.

It is unnecessary to resort to definitions as to the meaning of the word " grounds," as used in the law of 1882, because the law of 1885 amending chapter 410, section 821, which was in force at the time the present writ was sued out, removes all doubt on the subject by providing in express language that the relator in the petition must give

16    PEOPLE ex rel. INS. CO. v. TAX COMRS.

First Department, December Term, 1894.    [Vol. 83.

" the particulars of the alleged illegality." No general statement, therefore, is sufficient, the particulars or specifications of the illegality being required. The intention of the Legislature in thus requiring a specific, as distinguished from a general statement, is clear. It was to apprise the assessors of the true ground of the grievance, and not to permit a relator, by concealing this, to await the action of the commissioners, and then, upon some indefinite statement, susceptible of different meanings, to bring up their action for review. Applying these tests to the petition, we think it was insufficient, and for the reason stated by the learned judge at Special Term.

Van Brunt, P. J., concurred.

Parker, J. (dissenting):

The commissioners of taxes of the city of New York, in the year 1889, assessed the petitioner for a large amount of personal property, which it claims is by statute exempt from taxation.

In due time the petitioner appeared before the commissioners and insisted upon such exemption, and requested that the assessment for personal property and bank shares be stricken from the rolls. Its claim for exemption was rejected by the commissioners, who refused to correct the assessment roll in the manner requested. The petitioner thereupon presented to the court a petition, under chapter 269 of the Laws of 1880, praying for a writ of certiorari to review the proceedings of the tax commissioners. A writ was granted, which was subsequently quashed at Special Term upon motion of the respondents, upon the ground that the petition was insufficient to raise the question whether the assessment was invalid, because the personal property of the corporation was not taxable. It was the view of the court at Special Term that, inasmuch as the statute requires that the petition shall specify the grounds of illegality, the petition was defective in that it did not state in effect that the petitioner was by law exempted from taxation on its personal property. It is said by the Court of Appeals in *Matter of Corwin* (135 N. Y. 245-252), in discussing the office of the petition under the statute of 1880, that: " It is in the nature of a pleading, and only conclusions of fact need be stated, and not the evidence necessary to support them."

The plan of the statute unquestionably justifies the position of

the court.   While the proceeding is to review the decision of the taxing officers and brings up all the facts of which they had, or must be presumed to have had, knowledge at the time of making the assessment, the office of the petition is to present those facts as the petitioner understands them to be.

To this petition, if required by the granting of a writ, the respondents make return as to the facts.   And if by it none of the facts alleged in the petition are put in issue, the court must determine whether the taxing officers committed error.   If the return denies any of the allegations of the petition, then a referee may be appointed by the court to take the evidence, that the court may determine what was the real fact about which the petition and return make issue.   Thus it appears that the office of the petition and return is precisely like that of the complaint and answer.   If the facts alleged in the complaint or the petition are not controverted, the court must make such judgment or order as the law requires from the uncontroverted facts.   If, on the contrary, the answer or return does put in issue one or more of the material allegations of fact contained in the complaint or petition, a method is provided by which the real fact or facts are to be determined, whereupon judgment follows in accordance with the law.   It is not only not required, but it is not permissible to state conclusions of law in a pleading.   And it does not seem to us that the word "grounds," in the connection in which it is used, justifies the court in holding that it was the intention of the Legislature that the petition under this statute should differ from pleadings in actions and petitions in other proceedings, in that, in addition to a statement of facts, it should contain the legal conclusion which the relator should claim as necessarily following from the facts alleged.   Such a construction is only possible by reading the word "grounds" as if it were "reasons."   It is occasionally used in that sense but not frequently.   At least one lexicographer omits to give it as a definition of the word "ground."   It is ordinarily used in the sense of foundation, basis, support.   And where facts are stated in a petition which require a determination that the action taken therein by the taxing officers was illegal, it furnishes "foundation," "support," "grounds" for an adjudication of illegality.

So far, we have proceeded on the assumption that the petition did not, in fact, inform the court of the legal inferences which should be drawn from the facts stated.

But we think even the legal inferences were brought to the attention of the court by the petition. The petition states in effect that after the assessment was made the petitioner appeared before the tax commissioners and there insisted that the tax was unauthorized because its personal property was exempt from taxation under the laws of this State, for the reason that the petitioner was a fire insurance company. This was treated by the Special Term as a mere recital of action taken by the petitioner and not a positive statement of fact essential to the relief sought by the petitioner.

It does not so impress me. It was just as essential to the relief demanded by the petitioner that it should show that it appeared before the tax commissioners and demanded a correction of the assessment, assigning proper reasons therefor, as that the assessment was illegal. This proposition is stated by Judge ANDREWS in *People* v. *Commissioners* (99 N. Y. 257) as follows :

" The act of 1880 gives a remedy by certiorari to review and correct an illegal, excessive or unequal assessment. But it would, we think, be an unwarrantable construction of the statute to permit a party complaining of an assessment, to lie by, without availing himself of the opportunity to remedy his grievance by application to the tax commissioners, under the statute of 1859, and after the assessment had become confirmed by lapse of time, to arrest the collection of the tax by a proceeding under the act of 1880."

To cause it to appear that the tax commissioners illegally assessed the petitioner was not sufficient to entitle it to relief ; it had to show in addition that it called the attention of the commissioners to the illegality in time for them to have made correction.

As it must appear from the petition that upon all the facts before the tax commissioners the petitioner was entitled to the relief which it demanded from them, it necessarily follows that the statement of what took place before the commissioners touching the demand for the correction of the assessment, was as material and essential a statement as any other statement contained in the petition.

The order should be reversed.

Order affirmed, with costs.