PEOPLE ex rel. N. Y. C. & H. R. R. R. CO. v. COOK. 303

THIRD DEPARTMENT, DECEMBER TERM, 1891.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, RESPONDENT, v. SAMUEL COOK, ASSESSOR OF THE VILLAGE OF BATH-ON-THE-HUDSON, AND MEMBER OF THE BOARD OF GRIEVANCES OF SAID VILLAGE, AND OTHERS, MEMBERS OF SAID BOARD, APPELLANTS.

*Amendment — to a writ of* certiorari, *returnable at a wrong place.*

The proceedings upon a writ of *certiorari*, issued under chapter 269 of the Laws of 1880, to review an assessment, were regular, except that the writ was made returnable at the office of the clerk of the county, instead of at Special Term, as is required by section 2 of said act.

The defendants appeared specially and took this objection, and then answered on the merits.

*Held*, that the court had power to amend the writ and the order granting it.

That the provisions of section 10, title 5, chapter 7, part 3 of the Revised Statutes, giving the court power to amend special proceedings pending in court, were not repealed by title 1 of chapter 8 of the Code of Civil Procedure.

APPEALS by the defendants, Samuel Cook, Assessor of the Village of Bath-on-the-Hudson, and Member of the Board of Grievances of said village and John S. Knight, Daniel Layden, Levi Mochrie, A. E. Roberts, William Southwell and Charles A. Bailey, members of said Board of Grievances, from an order of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 13th day of November, 1891, denying a motion to quash a writ of *certiorari*, issued to review the proceedings of said board and of said assessor, in assessing the value of the relator's railroad and depot in said village; and from an order, entered in said clerk's office on the 12th day of November, 1891, granting the relator's motion to amend, *nunc pro tunc*, said writ of *certiorari*, and the order allowing it, by directing said writ to require the respondents to make return thereto at a Special Term named, and by inserting in said writ itself a direction requiring the respondents to certify and return, at said last-mentioned Special Term, all the matters required in the writ first issued.

*Henry A. King*, for the appellants.

*R. A. Parmenter*, for the respondent.

304 PEOPLE ex rel. N. Y. C. & H. R. R. R. CO. v. COOK.

THIRD DEPARTMENT, DECEMBER TERM, 1891.

MAYHAM, J. :

The relator applied, at the August Special Term, 1891, for an order allowing a writ of *certiorari* to issue to review the assessment made by the respondents, as assessors of the village of Bath, upon the relator's railroad, the double track of which runs through that village, and in which depot buildings are located. On such application an order was granted, and a writ of *certiorari* was issued pursuant thereto. That writ was made returnable at the Rensselaer county clerk's office, and not at a Special Term of this court, as required by chapter 269 of the Laws of 1880.

The respondents appeared specially, and, in their answer, first objected to the validity of the writ on the ground that the same was not returnable at Special Term as required by statute. The respondents who thus appeared then answered to the merits of the writ. The relator thereupon moved to amend the writ *nunc pro tunc*, which motion was granted. The respondents, at the same time, moved to quash the writ on the ground that is was not made returnable at a Special Term of the court, and was, therefore, unauthorized and void, which motion was denied; from both of which orders the defendants appeal.

The principal, and, perhaps, the only important question presented on these appeals, is whether the writ and order allowing the same are amendable. At the time the defendants raised the question of the regularity of this writ by the answer, the time limited by chapter 269 of the Laws of 1880 for bringing a *certiorari* had expired, and the relator's opportunity to review this assessment was lost, unless the court could relieve by the allowance of an amendment. That fact furnishes a good reason for the exercise of the discretion of the court in granting the amendment, if the power to do so existed in the court. On the part of the relator it is insisted that that power existed in and was properly exercised by the court. That the court acquired jurisdiction of the parties and subject-matter by the petition, and that any subsequent error in the exercise of its powers did not divest it of the jurisdiction thus acquired. If this mistake had occurred in the prosecution of an action instead of a special proceeding, there would be little doubt of the power of the court to order a correction *nunc pro tunc* under the provisions of section 723 of the Code of Civil Procedure. In *Kibbe* v. *Wet-*

PEOPLE ex rel. N. Y. C. & H. R. R. R. CO. v. COOK. 305

THIRD DEPARTMENT, DECEMBER TERM, 1891.

*more* (31 Hun, 424), the court ordered an attachment, which had been issued on the ground of the defendant's non-residence, to be amended, inserting therein, as grounds for its issuance, the fraudulent acts of defendant in disposing of his property. In *Gaylord* v. *The Board of Supervisors of Schoharie County* (MS. opinion by Judge LEARNED), this court allowed an order to be entered, *nunc pro tunc*, on appeal, when no order had been made and entered at Special Term on the allowance of an alternative *mandamus*. In *Tobin* v. *Cary* (34 Hun, 431), the court directed the guardian *ad litem* to acknowledge his consent to serve, as required by section 472 of the Code of Civil Procedure, and file the same with the judgment-roll, and directed the clerk to file and attach the same to the judgment-roll with the same force and effect as if it had been filed with the judgment-roll.

In *Murphy* v. *Hall* (38 Hun, 528), on a motion to vacate an order for the publication of a summons and vacate an attachment issued in the action on the ground that the affidavit appeared to have been sworn to in the city of New York before a notary public of the county of Albany, the court held that it was evidently a clerical error which did not prejudice the defendant nor affect a substantial right, and that an amendment should be allowed under section 723 of the Code of Civil Procedure. In *Bohlen* v. *Elevated Railroad* (121 N. Y., 546), the court allowed an amendment of an ambiguity in the findings of the trial court which was plainly the result of inadvertence, and held that the power to grant such amendment was not limited to the term in which the judgment was rendered. The appellant cites a line of authorities holding that in special statutory proceedings the statutory direction must be substantially complied with or the proceedings will not be effectual. That rule is sound and cannot be questioned. But I have found no case holding that where, by the preliminary steps taken, the court had acquired jurisdiction, it cannot amend any technical defect or error in the proceedings, where the proceedings taken by the parties fail to comply with the provisions of the statute, so as to make them conformable to such provisions, when substantial justice will be promoted thereby, if such amendment is applied for before final judgment or order upon the merits.

By section 10 of title 5, chapter 7, part 3 of the Revised Statutes the power of the court to amend proceedings pending in it is extended to and embraces special proceedings. While the provisions of title 1 of chapter 8 of the Code of Civil Procedure relating to amendments seem to relate chiefly to actions and special proceedings, are not expressly referred to except in section 728 of that title, yet the provisions of the Revised Statutes above referred to do not seem to be either in express terms or by implication repealed by that title. In *People ex rel. Herkimer and Mohawk Railroad Company* v. *The Assessors of Herkimer* (6 N. Y. Civ. Pro. Rep., 297), a writ of *certiorari*, issued under chapter 269, Laws of 1880, was held at Special Term to be amendable.

While the question is not free from doubt, we are of the opinion that the Special Term had power to order the amendment in this case; and if the power existed, it was a proper case for its exercise, and that the order granting the amendment should be affirmed. That being so, it follows, as a necessary consequence, that the motion to quash the *certiorari* was properly denied. Both orders are affirmed. But as these appeals arose out of a mistake on the part of the relator we think no costs should be allowed on this appeal. Section 6 of chapter 269, Laws of 1880, protects the appellant from liability for costs in this appeal.

LEARNED, P. J., and PUTNAM, J., concurred.

Order affirmed, without costs.