In the Matter of the Application of JOHN E. CORWIN for a Writ of Certiorari, Directed to the Assessors and Clerk of the City of Middletown, Orange County.

The act of 1880 (Chap. 269, Laws of 1880), "to provide for the review and correction of illegal, erroneous or unequal assessments," regulates the review of assessments in towns, cities and villages by certiorari, and renders inapplicable to such cases the general provisions of the Code of Civil Procedure (§§ 2127 et seq.) relating to the writ; under said act, if a case is brought within it, the granting of the writ is not discretionary, but the petitioner is entitled to it as a matter of right.

People v. Board of Tax Commissioners (85 N. Y. 655); People ex rel. v. McCarthy (102 id. 630), distinguished.

The time allowed by said act (§ 9) within which a party seeking to review an assessment may apply for a certiorari, i. e., fifteen days after notice of the final completion, verification and delivery of the roll, may not be abridged by any action or omission to act upon the part of assessors or the common council of a city.

Where no such notice has been given, the time within which application for the writ may be made is unlimited.

The petition, on application, under said act, for a certiorari to review an assessment, is in the nature of a pleading, and only conclusions of fact need be stated; not the evidence necessary to support them.

The charter of the city of Middletown (§ 5, tit. 4, chap. 535, Laws of 1888) requires the assessors to make up the assessment-roll, give notice of the meeting for hearing of grievances, correct the roll and deliver it to the city clerk on or before the third Tuesday of July. Upon an application, under said act of 1880, for a certiorari to review the action of the assessors of said city in assessing the property of the relator for the year 1891, it appeared that, on June eighteenth, they gave notice that they had completed the roll and left a copy of it with the city clerk where it could be examined until July tenth, when they would meet to review the assessments on application of anyone aggrieved. The assessors met on July tenth, heard complaints, and on July sixteenth swore to the roll and filed it with the city clerk; on the same day the common council adopted a resolution confirming it. It did not appear that any notice of the final completion and delivery of the roll was given. Held, that the relator was not concluded by the action of the common council; and that, in the absence of notice, the time for applying for the writ was unlimited.

People ex rel. v. Assessors of Niagara (40 Hun, 228), so far as it may be construed to hold that the writ cannot issue in any case after the assessors have parted with the roll, disapproved.

The General Term quashed the writ on the ground that the relator appeared, on the day appointed for hearing of grievances, by attorney, and not in person. No such objection was made by the assessors; they received and filed the attorney's affidavits, interrogated him in reference to the grievance complained of, took an admission from him which rendered the examination of the relator unnecessary, and gave the attorney notice of their final action. *Held*, that the decision was error.

The grievance complained of was that the assessment of the relator's personal property was unequal; the petition alleged that all the other assessments upon the roll were made at a lower proportionate valuation than the assessment of relator's property; that his assessment was wholly out of proportion to the basis of valuation adopted by the assessors in making other assessments, and did not conform to the valuations and assessments applied by them to other personal property. The relief sought was that the assessment be corrected so as to conform to the valuations of other personal property, and so as to secure equality of assessment. *Held*, that the petition was sufficient.

*In re Corwin* (64 Hun, 167), reversed.

(Argued June 7, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 9, 1892, which reversed an order of Special Term, denying a motion to quash a writ of certiorari.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*William Vanamee* for appellant. In construing the act the courts have simply said that it is unfair to invoke the aid of the court unless the complaining party has first made known his grievance to the assessors. (*People ex rel.* v. *Coleman*, 41 Hun, 307.) The point that the appearance and affidavit of the attorney before the assessors, and his offer to submit to an examination were ineffectual to set the assessors in motion, is a pure afterthought on the part of the attorney for the assessors. (*People* v. *Bd. Assessors*, 40 N. Y. 155; *People* v. *Zoeller*, 15 N. Y. Supp. 634.) The circumstances of this case make the remedy of the statute peculiarly applicable, and it affords the only remedy open to the relator. (*People ex rel.* v. *Carter*, 109 N. Y. 576.)

*Henry W. Wiggins* for respondent. The conclusion of the General Term was correct; the relator not having appeared in person to permit an oral examination by and before the assessors, failed to comply with the provisions of the statute. (*People ex rel.* v. *Forrest*, 96 N. Y. 544.) The relator having failed to appear in person, as provided by chapter 176 of the Laws of 1851, as amended by chapter 536 of the Laws of 1857, disregarded a duty that the courts have held to be a condition to an action or proceeding against the assessors. (*Vase* v. *Willard*, 47 Barb. 320; Laws of 1889, chap. 269; *People* v. *W. S. Bank*, 39 Hun, 525; *People* v. *Adams*, 125 N. Y. 471; *People* v. *Dolsen*, 126 id. 166; Laws of 1871, chap. 176, § 6.) A case must first be made out before the assessors on review day, and it is necessary and important that the case presented, must be accompanied or supported by proof actual, tangible, real, so that that tribunal, the assessors, may intelligently act and render judgment on it. Unless this is done, there is nothing giving the right to a review through the courts. (*People* v. *Bd. Suprs.*, 15 Barb. 613.) There is no irregularity or legal error in the assessment under the general statutes, which apply to this assessment, except as modified by section 5, chapter 535, Laws of 1888. (*People* v. *Hauft*, 104 N. Y. 380.) If everything alleged in relator's application had been properly sworn to and all the allegations therein on information and belief, had been established by proof, and ample evidence and testimony were now before the court to establish or confirm the same, then the General Term order quashing the writ should be sustained. (*People ex rel.* v. *Carter*, 109 N. Y. 576.) The writ was not properly issuable to the assessors as they had lost entire control over the roll, and for that reason, the writ, so issued to them, must be quashed. (*People* v. *Fredericks*, 48 Barb. 173; 40 N. Y. 70; *People* v. *Tompkins*, 40 Hun, 228; *People* v. *Comrs. of Taxes*, 9 id. 609; *People* v. *Reddy*, 43 Barb. 540; *People ex rel.* v. *Delaney*, 49 N. Y. 655; Laws of 1888, chap. 535, § 6; *People* v. *Bd. Suprs.*, 92 N. Y. 275; *People* v. *Bd. Police*, 82 id. 506.) The appeal should be dismissed.

The order appealed from being discretionary is not reviewable in this court. (Code Civ. Pro. §§ 190, 1337, 2127; *People* v. *Tax Comrs.*, 85 N. Y. 655; 86 id. 639; *People* v. *McCarthy*, 102 id. 660.

MAYNARD, J.    The relator obtained *ex parte* a writ of certiorari at Special Term, under the act of 1880 (Chap. 269, Laws of 1880), to review the action of the assessors of the city of Middletown in making up their assessment-roll for the year 1891.

The principal ground of error complained of, and the only one now insisted upon, was the inequality of his assessment of personal property, compared with the property assessments of other taxpayers of the city.   Upon the return to the writ the respondents made a motion to quash, which was denied, and an order of reference granted to take proofs upon the matters in issue.   The General Term reversed the order of the Special Term, denying the motion to quash and dismiss the writ, and granted the motion, with costs; and the case is now here upon an appeal from that order.

The order is silent as to the grounds upon which it was made, but it appears from the opinion of the court, that the writ was quashed, because the relator did not personally appear before the assessors upon the day for hearing grievances, but appeared by attorney, which was considered insufficient to entitle him to a review under the act of 1880.

The respondents contend that the order of the General Term is not appealable, for the reason that it was discretionary and, therefore, not reviewable by this court; and cite the provisions of the Code (§§ 190, 1337, 2127) and *People, etc.*, v. *Board of Tax Comrs.* (85 N. Y. 655) and *People, etc.*, v. *McCarthy* (102 id. 630).

But these were cases of the allowance of a common-law writ of certiorari; the granting or refusal of which by the Supreme Court has always been held to be so far discretionary that an order of that court quashing the writ, is not reviewable here; unless it affirmatively appears that the discretion of the court

was not exercised in granting it. Section 2127 of the Code merely embodies the pre-existing practice of the courts upon · the subject. But this is a statutory proceeding under an act passed after the provisions of the Code are to be deemed to have been enacted (§§ 3315, 3356), and it was held by this court in *People, etc.,* v. *Assessors of Greenburgh* (106 N. Y. 671) that this act regulates the review of assessments in towns, cities and villages by certiorari, and renders inapplicable to such cases the general provisions of the Code relating to such proceedings. It was designed to afford a remedy where none before existed, or where the previous remedy was, at the best, inadequate; and if the taxpayer brings his case within the statute, the granting of the writ is not discretionary, but he is entitled to it as a matter of right.

The objection is also urged, that the application for the writ was not made in time. The charter of the city of Middletown (§ 5, tit. 4, chap. 535, Laws of 1888) required the assessors to make up the assessment-roll; give notice of the meeting for the hearing of grievances; correct the roll and deliver it to the city clerk on or before the third Tuesday of July. The record shows that on June eighteenth they gave notice that they had completed the roll for the year 1891 and left a copy with the city clerk, where it might be seen and examined by any person interested, until July tenth, on which day they would meet to review their assessments, on the application of any person aggrieved. On July tenth they met and heard the complaints of parties deeming themselves aggrieved, and on July sixteenth made oath to the roll and filed it with the city clerk, and on the same day the common council adopted a resolution confirming it.

Section nine of the act of 1880, provides that when the assessors shall have finally completed and verified their roll, they shall deliver it to the city clerk; and that it shall remain with such clerk for a period of fifteen days for public inspection; and that the assessors shall forthwith give public notice of the final completion of the roll, the officer to whom it has been delivered, and the place where it will be open to the public

inspection; but it does not appear that these requirements of the law were observed in the present case. It is further provided that application for the writ must be made within fifteen days after the completion and delivery of the roll and the giving of such notice, but that such time shall not begin to run until such notice is given. Nothing which the assessors or the common council might do, or omit to do, would be available to abridge the time within which the relator might, under the statute, apply for judicial redress. If the notice was not given, it has been held that such time was unlimited. (*People, etc.,* v. *Haupt,* 104 N. Y. 377.) The authorities cited by respondent's counsel are cases which arose before the enactment of the law of 1880. Under the practice then prevailing, the writ must have been sued out and served upon the assessors, before they had parted with the roll; which was generally impossible, as the roll would be completed and delivered on the same day, as it was in this case. The taxpayer could not anticipate the action of the assessors, and service of the writ upon them before they had entered the judgment sought to be reviewed, would be premature. This was one of the evils undertaken to be remedied by the legislation of 1880, which requires the assessment-roll to remain *in suspenso* for the purposes of review, for the period of fifteen days after notice is given of its completion and delivery. In *People, etc.,* v. *Assessors of Niagara* (40 Hun, 228) it seems to have been held that it was too late to apply for the writ after the assessors had delivered the roll to the supervisor of the town, and after its delivery by him to the board of supervisors. The opinion of the court does not refer to the act of 1880, and its provisions do not appear to have been considered, and there is nothing to indicate whether the fifteen days limitation had not actually expired. The cases referred to in the opinion, either arose before the passage of the act, or are cases of special assessments, and so far as the decision may be construed to hold that the writ cannot issue in any case after the assessors have parted with the roll, it is in conflict with the plain provisions of the statute and cannot be approved.

The relator was not concluded by the action of the common council in confirming the assessment-roll. That body has no power under the city charter, to correct the roll, except such as is possessed by boards of supervisors with respect to town assessment-rolls, and, hence, it could not afford the relator the relief to which he claims to be entitled.

The General Term quashed the writ in this case for the reason that the relator appeared before the assessors upon the day appointed for the hearing of grievances by attorney and not in person. No such objection was made by the assessors at the hearing. They recognized the appearance of the attorney; received and filed his affidavit; interrogated him upon the subject of his client's grievance; took an admission from him, which rendered an examination of the relator unnecessary; made a reduction in the real property assessment and gave the attorney notice of their final action and it might properly be held that they had waived any objection of that character; even if it would have had any force, had it been promptly made. (*People* v. *Hicks*, 40 Hun, 598.)

Whatever effect might be given to the failure of the tax payer to appear before the assessors at their last meeting and there seek a correction of his assessment, the point is not involved upon this appeal. Under chapter 176 of the Laws of 1851, as amended by chapter 536 of the Laws of 1857, it may be that in a proper case the assessors might insist upon his personal appearance and examination, if necessary. If he is seeking to escape taxation because he does not possess taxable property of the value fixed by them, or because of non-residence, or for some other reason, which is peculiarly within his personal knowledge there might be great propriety in requiring him to appear in his own person in order that the assessors might probe his conscience by an examination under oath as to the extent of his possessions, or as to any other material fact of which he alone may be able to give the most reliable information. They cannot be compelled to act upon hearsay testimony, but have the right to demand the best evidence obtainable. But even in such cases, if a personal

appearance is impracticable on account of unavoidable absence, or sickness or other sufficient cause, the taxpayer cannot be denied the opportunity to present his grievance by attorney, with the proofs to support it. Here there was a sufficient appearance by attorney. He admitted the existence of all the facts, which it was material for them to know, with respect to the relator's property, and they did not ask or require a personal appearance or examination, for the obvious reason that it would be the performance of an idle ceremony. He, therefore, omitted nothing which, under any reasonable construction of the tax law, he was bound to do in order to invoke the remedy provided in the act of 1880.

Objection is made to the sufficiency of the petition upon which the order for the writ was granted, which we think is based upon a misconception of the office of a petition in such a proceeding. It is in the nature of a pleading and only conclusions of fact need be stated, and not the evidence necessary to support them. The statute says that the writ may be allowed on the duly verified petition of the taxpayer when the petition shall set forth that his assessment is unequal, in that it has been made at a higher proportionate valuation than other property on the same roll and that he will be injured by such unequal assessment. It may well be questioned whether an averment in the petition in the words of the statute would not be sufficient to confer jurisdiction (*Rochester R. Co.* v. *Robinson*, 133 N. Y. 242), but this petition goes farther and alleges that all the other assessments upon the roll are made at a lower proportionate valuation than the assessment of relator's property, and that his assessment of personal property is wholly out of proportion to the basis of valuation adopted by the assessors in making the other assessments on the roll, and bears no relation to their general method and system in arriving at their assessments of personal property, and does not conform to the valuations and assessments applied by them to other personal property.

His demand for relief is that his assessments be declared unequal and be corrected in such manner as shall be in accord-

ance with law, and so as to make them conform to the valuations of other property on the roll, and so as to secure equality of assessment.    He is not seeking to obtain a reduction of his assessment by showing that in a single instance, or that even in occasional instances, other property has been assessed proportionately lower, which this court held in *People, etc.,* v. *Carter* (109 N. Y. 576) would not entitle him to the remedy provided in the act of 1880 ; but he proposes to bring himself within the rule laid down by Judge ANDREWS in that case, which requires him " to show a state of facts from which a presumption justly arises that the inequality of which he complains will subject him to the payment of more than his just proportion of the aggregate tax."

The order of the General Term should be reversed and the order of the Special Term affirmed.

All concur.

Ordered accordingly.