PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.

————— ✤ —————

In the Matter of the Application of ELIZABETH WINEGARD, Respondent, for a Writ of Certiorari to CHARLES KROMER and Others, Appellants.

*Chapter* 269 *of* 1880 — *certiorari directing the return of original papers — the custo-dian not a party to the proceedings — review of proceedings of assessors — waiver of objections to an assessment — amendment of a writ of certiorari, when proper.*

It is immaterial whether a writ of certiorari directed to assessors commands them to return the original assessment roll and papers, or copies thereof, inasmuch as in either case, under section 3 of chapter 269 of the Laws of 1880, a return of copies of such papers would constitute a compliance with the provisions of such order ; nor is it necessary to make the town clerk, in whose custody the original papers are, of which the writ commands the return, a party to the proceedings.

Chapter 269 of the Laws of 1880, giving a remedy by certiorari to correct an illegal or excessive assessment, does not apply to a complaining party who has omitted to avail himself of the opportunity provided by statute to remedy his grievance on grievance day.

Where a person appeared before the assessors of a town on " grievance day " and objected to an assessment made against her property, on the sole ground that she had no personal property subject to taxation, she cannot, upon a review of the assessment by certiorari, as authorized by chapter 269 of the Laws of 1880, raise questions which she did not attempt to present to the assessors.

The proceedings before the assessors of a town on the day appointed for the hearing of grievances is a species of trial ; the party complaining states his case and offers his evidence, and the assessors pass on the questions raised by his objections, and their decision the complaining party may review by certiorari.

Complaints not made before assessors on grievance day are deemed to have been waived.

A writ of certiorari issued under chapter 269 of the Laws of 1880 may be amended, and upon an appeal by the assessors from an order denying their motion to set aside and vacate a writ of certiorari issued against them, the same should be modified so as to direct the return by them only of those papers necessary to enable the court to review their decision on the questions raised before them on grievance day.

APPEAL by Charles Kromer and others from an order of the Supreme Court, made at the Schoharie Special Term and entered in the office of the clerk of the county of Schoharie on the 5th day of September, 1893, denying their motion to set aside and vacate a writ of certiorari.

*W. C. Lamont*, for the appellants.

*J. B. Holmes*, for the respondent.

PUTNAM, J.:

This is an appeal from an order denying defendants' motion to set aside a writ of certiorari granted in this proceeding. Petitioner, a resident of the town of Seward, N. Y., on the 16th day of August, 1892, appeared before the board of assessors of said town, and asked that an assessment against her of $5,000 on personal property be stricken from the assessment roll on the ground that she had no personal property liable to be assessed.

The learned counsel of the appellants suggests that the writ sought to be vacated was not authorized by section 3 of chapter 269 of the Laws of 1880, as it directed the return of the original assessment roll and papers which, prior to the making of the order for the issuance of said writ, had been filed with the town clerk of said town.

We are of opinion that this position is not well taken. It was immaterial whether the writ commanded the assessors to return the original assessment roll and papers or copies thereof, inasmuch as in either case, under section 3 of the act referred to, a return of copies of said papers would constitute a compliance with the provisions of such order. Under the said section a direction of a court to the assessors to return the assessment roll and other papers should be deemed to mean the said assessment roll and papers *or copies thereof*. Hence, under the order or writ sought to be vacated, had the assessors returned copies of the papers mentioned in said order

they would, under the statute, have obeyed the mandate of the court.

It is also claimed that the town clerk should have been made a party to the proceeding, as the original assessment roll and papers in question were, when the order was granted, in his possession. Inasmuch, however, as the assessors were only compelled to return copies of the papers in possession of the town clerk we are unable to see the necessity of making that officer a party to the proceeding.

That it is not necessary in such a case to make the town clerk a party has been decided in *People ex rel. The West Shore R. R. Co. v. Pitman* (9 N. Y. St. Repr. 472). We concur in the views stated in the opinion of HAIGHT, J., in that case.

Appellants also contend that the writ improperly directed the assessors to make return as to matters not raised before them on "grievance day," viz.: It commanded them to return "a statement of the value of the real estate assessed on said roll; the total assessed value thereof assessed on the roll; the total assessed value of the personal property assessed on the roll, and also to return whether or not the real or personal property, or either, appearing on said roll were assessed at its full and true value at which it would be appraised in payment for a just debt due from a solvent debtor, or at a percentage of such value, and if at a percentage state the rate per cent that the real and personal were assessed of their true value," thus bringing up for review the question whether the assessment against petitioner was unequal, although such claim was not made by her before the assessors on "grievance day," the only claim then being made that she had no personal property subject to taxation.

We are of opinion that the original order should have only directed a return by the assessors of papers and facts necessary to enable the court to review *the decision* of the assessors on questions raised before them at the time appointed for hearing parties claiming themselves aggrieved.

It has been held that chapter 269 of the Laws of 1880, giving a remedy by certiorari to correct an illegal or excessive assessment, does not apply to a complaining party who has omitted to avail himself of the opportunity provided by statute to remedy his grievance. (*People ex rel. Mut. Union Tel. Co. v. Comrs. of Taxes*, 99 N. Y. 254; *People ex rel. W. S. R. R. Co. v. Adams et al.*, 125 id. 471–

484; *People ex rel. Corwin* v. *The Assrs. of Middletown*, 46 N. Y. St. Repr. 148.)

The relator in this case appeared before the town assessors on "grievance day" and objected to the assessment on the sole ground that she had no personal property subject to assessment. She made no complaint on the ground that the assessment was unequal or otherwise unauthorized. Can she now raise questions which she did not attempt to raise before the assessors? We think not. The certiorari authorized by chapter 269, Laws of 1880, provides a mode of reviewing the action of the assessors. It was intended to authorize the court to review the *decision* of the assessors, but, as the authorities above cited show, *only such decisions as are made on "grievance day."* Objections not raised before the assessors on that day cannot be deemed passed upon by them, and hence cannot be considered on certiorari. The proceeding before the assessors on the day appointed for hearing grievances may be deemed a species of trial. The party complaining states his case and offers his evidence, and the assessors pass on the questions raised by his objections, and that decision, whatever it is, the complaining party may review by certiorari. If one objecting to an assessment must appear before the assessors on the day appointed for him to state his grievances, it follows that he should then state all the objections he desires to make, and obtain the decision of the assessors thereon. If a party having several complaints to an assessment omits to state but one of them to the assessors he fails to obtain their decision as to the objections not stated, and cannot raise such objections for the first time on certiorari.

Complaints not made before the assessors on "grievance day" should be deemed waived. In *Hilton* v. *Fonda* (86 N. Y. 339) the assessors were sued for assessing certain real estate of the plaintiff, a non-resident, to him personally, instead of assessing it as non-resident real estate, and thus acting without jurisdiction. Plaintiff's agent had appeared before the assessors and objected to the amount of the assessment, but not that it was illegally assessed to the plaintiff personally. It was held that the petitioner's objection to the jurisdiction of the assessors was waived. So, here, we think, the objection that the tax was unequal, not having been taken by the petitioner before the assessors, must be deemed waived. The petition

on which the order for the writ was granted showed that the only grievance stated by the petitioner to the assessors on "grievance day" was that she had no personal property liable to taxation.

It has been held that a writ of certiorari issued under chapter 269 of the Laws of 1880 may be amended. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Cook,* 62 Hun, 303; *People ex rel. The Herkimer & Mohawk R. R. Co.* v. *The Assrs. of the Town of Herkimer,* 6 N. Y. Civ. Proc. Rep. 297.)

For the reasons stated, we think that the writ should not have directed the assessors to make in their return "a statement of the value of the real estate assessed on said roll; the total assessed value thereof assessed on the roll; the total assessed value of the personal property assessed on the roll, and also to return whether or not the real or personal property, or either, appearing on said roll were assessed at its full and true value at which it would be appraised in payment for a just debt due from a solvent debtor, or at a percentage of such value, and if at a percentage state the rate per cent that the real and personal were assessed of their true value." This clause was probably inadvertently inserted in the order.

The order from which the appeal is taken should be modified so as to direct the original order and writ to be modified by striking out the clause above quoted, and as so modified, affirmed, without costs to either party in this court or the court below.

HERRICK, J., concurred; MAYHAM, P. J., not acting.

Order modified, and as modified affirmed, without costs to either party in this court or at Special Term.