PEOPLE ex rel. BROOKLYN EL. R. CO. v. BOARD OF ASSESSORS.

PEOPLE ex rel. KINGS CO. EL. R. CO. v. SAME.

(Supreme Court, Appellate Division, Second Department.   November 20, 1896.)

TAXATION—CERTIORARI—AMENDMENT TO PETITION.

A petition for a writ of certiorari to review an assessment alleging that relator was erroneously assessed, and that other property on the same roll was assessed at a less proportionate value, gives the court jurisdiction over the cause, and it can grant leave to amend the petition so as to specify the instances of the disproportionate valuation, as required by Laws 1896, c. 908, § 250.

Appeal from special term, Kings county.

Separate writs of certiorari by the Brooklyn Elevated Railroad Company and the Kings County Elevated Railroad Company to review an assessment of relator's property for taxation.   From an order granting leave to amend the petition, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Rollin A. Breckinridge, for appellant.

Eugene Treadwell, for respondent.

PER CURIAM. The relator presented its petition, alleging that it was illegally and erroneously assessed, and prayed for the issue of a writ of certiorari to review such assessment. On its petition the writ was granted. The petition, besides allegations of other illegality and error in the assessments, stated that other real and personal property in the city, upon the same roll, was assessed at a less proportionate value than that assessed on the real estate of the petitioner. The petition failed to specify the instances in which such inequality existed, and the extent thereof, as required by section 250 of chapter 908 of the Laws of 1896. For this defect the appellants moved to strike out of the petition the allegations that other real and personal property was assessed at a less proportionate value than the real estate of the petitioner. On the hearing of this motion the court granted the petitioner leave to amend its petition by specifying the instances and extent of disproportionate valuation. From the order granting such leave this appeal is taken.

By section 251 of the act cited, on the presentation of the petition the justice or court may allow a writ of certiorari to the officers making the assessment to review such assessment. The certiorari thus allowed to issue is not defined, and must be the ordinary common-law writ prescribed by the Code, except as modified by the statute which permits the taking of testimony as to the alleged grievances. By section 723, Code Civ. Proc., the court may, at any stage of the action, in furtherance of justice, amend any process, pleading, or other proceeding. This power is confined to actions, and does not include special proceedings as a class. In re City of Buffalo, 78 N. Y. 362. But by section 1997 the provisions of the Code relating to amendments are made applicable to special pro ceedings instituted by state writ, including the writ of certiorari. Enough was stated in the petition to give the court jurisdiction to issue the writ. Having jurisdiction, we think it was within its power to allow an amendment to the petition initiating the application as well as in proceedings subsequent to the issue of the wrti, where its power would have been unquestionable. People v. Board of Sup'rs of Dutchess Co., 135 N. Y. 522, 32 N. E. 242.

Order appealed from should be affirmed, with $10 costs and disbursements.