(25 App. Div. 107.)

PEOPLE ex rel. BENEDICT v. ROE et al.

(Supreme Court, Appellate Division, Second Department. January 18, 1898.)

1. CERTIORARI TO REVIEW ASSESSMENT.

The fact that a writ of certiorari to review assessment proceedings under article 11 of the tax law of 1896 (5 Rev. St. [9th Ed.] p. 3309) is addressed to certain members of the board of assessors, instead of to all the members, or to the board itself, constitutes a fatal defect.

2. SAME—AMENDMENT OF WRIT.

If, in such a case, no objection is made at the return of the writ, and an order is entered dismissing and quashing the writ on other and errone-

ous grounds, the appellate court, on affirmance, may grant leave to the relator to apply to the special term for an order to vacate the order appealed from and allow an amendment of the writ.

**3. SAME.**

The provisions of Code Civ. Proc. § 1997, whereby the provisions relating to amendments are made applicable to special proceedings instituted by state writ, are broad enough to include an amendment as to parties, as well as to allegations of the petition.

Appeal from special term.

Certiorari by the people, on the relation of James Benedict, against Townsend V. Roe and others, trustees of the village of Tarrytown. From an order dismissing the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. S. Davison, for appellant.

W. H. H. Ely, for respondents.

GOODRICH, P. J. The relator, James Benedict, presented to the court below on June 15, 1897, a petition for a writ of certiorari directed to the defendants Roe, Odell, and Merritt, claiming to act as assessors of the village of Tarrytown, to certify and return to the court the assessment roll of the village for the current year. A writ was granted, and the defendants were ordered to certify, among other things, all proceedings concerning the laying of the several assessments upon the real estate of the relator in said village. The petition alleged that Benedict was a resident of the city of New York, and was a taxpayer in the village, and owner of three parcels of land, which on the assessment roll were bounded and described as nonresident lands. The name of the relator was given under the column headed "Names"; under the column headed "Property" was a brief description of the boundaries of three pieces of property; and under the column headed "Valuation" were three sums aggregating $6,500. The petition further alleged that certain Tarrytown village trustees, attempting to act as assessors in said village, prepared an assessment roll, and posted the same, with notice that they would meet on May 15th to review their assessments; that on that day the relator appeared before them, and filed a statement that the assessment was incorrect, viz. "that it was illegal and void in that it did not comply with the requirements of the tax law of the state of New York," and that the assessors did not require him to be examined, but left his assessment in its original condition. The reason for the illegality was specified to be that:

"Each of said several parcels of land and premises were occupied by residents of said village of Tarrytown, wherein said parcels are situated, and were not assessed to the occupants of the same, but are assessed illegally to James Benedict, your petitioner, who is a nonresident of the county of Westchester, in which said village of Tarrytown and said lands and premises are situate."

The defendants made their return, in which they alleged that:

"The said relator was duly sworn to true answers make to such questions as should be put to him touching his property liable to assessment for village purposes, and, after taking said oath, made certain answers to certain questions put to him by us, which answers he verified on said day; a copy of such

answers and verifications, with those of other complainants, being hereto annexed, and marked 'Exhibit B.' "

Exhibit B contains the evidence of various persons, but does not contain any examination of the relator. If no reference had been made in the return to the Exhibit B, we might assume the truth of the allegation of the return, that the relator had been examined. But, from the omission stated, we must consider that the relator was not examined, and that his allegations that he was a resident of New York City; that his premises were occupied by other persons, who were residents of the village; and that he was not a resident of Tarrytown, nor an occupant of the premises,—were true, and that, as to him, no change in the assessment roll was made. The relator did not complain of the amount of the valuation, but only that, being a nonresident, he was improperly taxed. The defendants contended that the writ should be dismissed, as it was addressed to the three assessors who signed the roll. They are, in the petition and writ, stated to be "trustees of the village of Tarrytown, claiming to act as assessors." The return states that there are, in all, five trustees of the village, including themselves, and that all met and organized as a board of assessors, but that at some of the meetings two of the assessors did not attend, and that the three who signed the assessment roll comprised the majority of the board, and completed the roll in the manner provided by law.

We think that the writ was fatally defective, in that it was addressed to the three persons, instead of being addressed to all the members of the board, or to the board itself. Article 11 of the tax law of 1896 (5 Rev. St. [9th Ed.] p. 3309) provides for the issuance of a writ of certiorari to review assessment proceedings, "to the officers making the assessment." This means the board of assessors, and not the majority thereof, nor the several persons, only, who sign the assessment roll. The making of the roll is the action of the board, and not of the majority of the individuals composing it. The action of the majority controls, but the act is the act of the board itself. Non constat but on being required to correct the rolls by the order of the court, addressed to the board, the majority of it, acting in obedience to the order, would, without appealing therefrom, have corrected the alleged error. The words "officers making the assessment" relate to the whole board, and not to persons comprising the majority thereof, although only the three persons named as defendants signed the roll and published it. This view was taken by Mr. Justice Gaynor in a similar proceeding, relating to the same assessment roll, by Charles Graef, and an order was made dismissing the writ. We are informed that no appeal has been taken from that order. But the objection was not made at the return of the writ, and, if it had been made at that time, an amendment might have been ordered, under section 1997 of the Code of Civil Procedure, whereby the provisions of the Code relating to amendments are made applicable to special proceedings, including the writ of certiorari. People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769; People v. Marsh, 21 App. Div. 88, 47 N. Y. Supp. 395. The provision is broad enough to include an amendment as to parties, as well as to

230   49 NEW YORK SUPPLEMENT   (Sup. Ct.

and 83 New York State Reporter.

allegations of the petition. In the present case, no such objection having been taken at the special term, and the question being raised for the first time on the appeal, a curious condition results. If now the order should be reversed, and a final order entered, requiring action on the three officers alone, circumstances might intervene by which the three persons named might not continue to be a majority of the board. The office of one might become vacant by death or resignation, in which case the three would cease to be a majority. This makes it still more clear that, even although the writ of certiorari was addressed to the three without objection made at the special term, the final order would have to be made to the whole board; and the appellate division has no power to amend the proceedings so as to extend the operation of the final order to the other two trustees, who have never been served with process, and have never had their day in court. The utmost extension of our power would be confined to an order remanding the proceedings to the special term, with power to hear a motion to amend the proceedings by bringing in the other trustees, and, if such amendment were made, to allow the other trustees, or the entire number, acting as the board of assessors, to make a return to the writ, if so advised; and this might practically result only in a new trial of issues made by the new return. These views render unnecessary any consideration of the other matters raised by the appellant on this appeal.

The order is affirmed, with $10 costs and disbursements, but with leave to the relator to apply to the special term for an order to vacate the order appealed from, and allow an amendment of the writ. All concur.