The People of the State of New York ex rel. The West Shore Railroad Company and The New York Central and Hudson River Railroad Company, Lessee of The West Shore Railroad, Appellants, v. Spencer Johnson and Others, Assessors of the Town of Riga, County of Monroe and State of New York, Respondents.

*Taxation — a statement made to the assessors by an agent, on information and belief, is sufficient — effect of its acceptance by the assessors without objection.*

Under section 36 of the Tax Law (Chap. 908 of the Laws of 1896), providing that "complainants (persons aggrieved) shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which verification must be made by the person assessed or whose property is assessed, or by some person authorized to make such statement,

76 PEOPLE ex rel. WEST SHORE R. R. CO. *v.* JOHNSON.

FOURTH DEPARTMENT, MAY TERM, 1898. [Vol. 29.

and who has knowledge of the facts stated therein," it is not necessary that an agent, making the statement, should have *personal* knowledge of the facts contained therein.

A statement made by the agent on information and belief, the grounds of the information and belief being stated to be letters written to the agent by the tax agent of the owner of the property assessed, a railroad corporation, is sufficient.

Where such a statement is received by the assessors without objection and without requiring the production of witnesses, the assessors must be deemed to have waived any other or different statement.

APPEAL by the relators, The West Shore Railroad Company and The New York Central and Hudson River Railroad Company, lessee of said West Shore Railroad, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 2d day of December, 1897, dismissing a writ of certiorari issued to review an assessment for taxes.

The New York, West Shore and Buffalo Railroad Company, referred to in the opinion, was reorganized on or about December 5, 1885, under the name of The West Shore Railroad Company.

The New York, West Shore and Buffalo Railroad Company is the owner and the New York Central and Hudson River Railroad Company is the lessee of about five and thirty-seven one-hundredths miles of single-track railroad, and of about four and thirty-seven one-hundredths miles of side track, and one small tenement house in the town of Riga, the land occupied being about sixty acres. In 1897 the assessors of the town assessed the New York, West Shore and Buffalo Railway Company, as owner, and valued the property at $184,000, being an increase over the valuation of 1896 of $98,000, though it does not appear that the value of the property has been increased.

The assessors, after completing their roll, gave notice, pursuant to section 35 of chapter 908 of the Laws of 1896 (the Tax Law), that they would meet on the third Tuesday of August (17), 1897, to review their assessment. On that day the relators appeared before the assessors by their attorney, Cassius C. Davy, who filed a statement verified by him in which was stated the value of the property owned and occupied by the relators in the town of Riga, and that the valuation placed thereon by the assessors was illegal and unjust:

(1) That it was overvalued by the sum of $154,000.

(2) That its valuation was unequal and at a higher proportionate valuation than was placed on other property on the same roll.

(3) That other property within the town was not assessed at its full value.

(4) That all the assessable property in the town was not placed on the roll.

This statement was made upon information and belief, and the affiant in his affidavit stated that the sources of his information and belief were statements furnished, and letters written to him by the tax agent of the New York, West Shore and Buffalo Railroad Company, residing at Fort Plain, New York.

The assessors refused to reduce the valuation, and September 10, 1897, the relators, through their tax agent, duly verified a petition asking for a writ of certiorari to review the assessment, alleging that it was illegal and erroneous because the property was overvalued and was unequally assessed, because made at a higher proportionate valuation than the other real and personal property of the town, specifying thirty-five persons assessed upon the roll, the valuations upon whose property were much less than they should have been, and also specified the names of nine persons not assessed upon the roll who should have been assessed for amounts stated. It was also alleged in the petition that the relators applied on grievance day for a reduction of the valuation placed on their property, which was refused by the assessors. Upon this petition and the accompanying affidavit of Cassius C. Davy, verified September 8, 1897, a writ of certiorari, in the usual form, was granted September 13, 1897. September 30, 1897, the assessors filed their return denying that the valuation of the relators' property was excessive, and denying that it was valued at a greater proportionate rate than other property valued on the same roll. They also returned that August 17, 1897, they required the relators to furnish witnesses on the question of valuation, and statements showing the cost of the road by persons qualified to testify, which the relators did not do. Upon the papers upon which the writ was granted, the return thereto, the affidavit of Frederick F. Wendell, verified October 22, 1897, and the affidavit of Cassius C. Davy, verified November 27, 1897, the motion of the assessors to dismiss the writ was heard. The motion

was made upon the ground that the court had no jurisdiction because the statement of August 17, 1897, was verified upon information and belief, and not by a person having knowledge of the facts. The motion of the assessors was granted upon the sole ground, as stated in the order, that the statement of September 17, 1897, was made on information and belief, verified on information and belief, and was not verified by any person having knowledge of the facts.

*Cassius C. Davy*, for the appellants.

*William A. Sutherland*, for the respondents.

FOLLETT, J. :

Section 36 of the Tax Law provides : " Such complainants (person aggrieved) shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which verification must be made by the person assessed, or whose property is assessed, or by some person authorized to make such statement, and who has knowledge of the facts stated therein."

This section defines the procedure to be taken by persons or corporations who deem themselves aggrieved by over or unequal valuation, and, like all laws of procedure, is not to be strictly construed so as to deprive persons aggrieved of the remedy, but so construed as to advance the remedy given.

It will be observed that the statute does not require that, in case the statement is verified by an agent of the taxpayer, he must have personal knowledge of the facts, but simply that he must have knowledge of the facts, and if the section be construed that the agent must have personal knowledge of the facts contained in the statement, it will be practically impossible for any agent of a corporation, or even an agent of an individual, to furnish a statement which would comply with the statute. It is not probable that there is any officer or person connected with either of the relators who could, of his own knowledge, state the cost of the railroad in the town of Riga, or the present value thereof. In determining the cost or present value an affiant would necessarily be compelled to rely on statements made by others, by engineers, and by various officers keeping the records of the corporations ; the truth of these records and statements would not be within the personal knowledge of

the officer having charge of them, but would necessarily be made up from information received from others. In the case at bar the affiant stated the sources of his information, and, while the sources might have been more fully stated, I think the statement was sufficient to confer jurisdiction upon the court to grant the writ.

The construction of the section contended for would deprive an individual illegally assessed, but unable by absence or sickness to verify a statement, of any redress, as it would be unusual for an agent to have personal knowledge of the cost or value of his principal's property.

Again, it is positively averred by the attorney and agent of the relators that the statement verified by him August 17, 1897, was received on that day by the assessors, without objection to its form or sufficiency, and that the assessors did not require that any of the relators' officers or other agents should appear before them for examination. On the contrary, the assessors in their return stated that they requested the attorney to produce witnesses to testify in respect to the truth of the statement filed.

This presented a question of fact which should have been determined by evidence, for, in case the statement was received without objection and without requiring the production of witnesses, the assessors must be deemed to have waived any other or different statement. (*Matter of Corwin*, 135 N. Y. 245.)

The order dismissing the writ should be reversed, with fifty dollars costs against the respondents to abide the event.

All concurred.

Order dismissing the writ of certiorari reversed.