THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERIE RAILROAD COMPANY, Respondent, *v.* DANIEL L. WEBSTER and Others, Assessors of the Town of Alden, Appellants.

*Certiorari to review an assessment for taxation — requisites of the statement to the assessors on grievance day — the tax agent of a railroad corporation is presumably competent to verify it — waiver of objections thereto by the assessors — power of the court to amend the writ.*

Under section 36 of the Tax Law (Laws of 1896, chap. 908), providing that persons aggrieved by an assessment shall file with the assessors "a statement, under oath, specifying the respect in which the assessment complained of is incorrect," where the person aggrieved complains that his property is assessed proportionately higher than *other particular pieces of property upon the same roll,* he should specify such pieces of property and state their value, but where he claims that his property is assessed proportionately higher than *any other property in the town,* the valuation of all the different properties in the town need not be stated nor particular instances of value given.

The tax agent of a railroad corporation will be presumed to have sufficient knowledge of the facts relating to an assessment of its property to render him competent to verify such a statement, and the sources of such knowledge need not be stated.

PEOPLE ex rel. ERIE R. R. CO. v. WEBSTER. 557

App. Div.]        FOURTH DEPARTMENT, MARCH TERM, 1900.

Assessors, who accept and file a statement presented to them and who receive evidence in support of the allegations contained therein, without objecting either to its form or substance, waive any objection predicated on the form of such statement or its want of definiteness.

The court has power to amend a writ of certiorari, issued to review an assessment for taxation, by making it recite that it was issued upon the relation of the person assessed, by prescribing the time within which the return should be served upon the relator's attorney and by directing the writ to be attested by the justice who granted the same.

APPEAL by the defendants, Daniel L. Webster and others, assessors of the town of Alden, from so much of an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 9th day of October, 1899, as allows the writ of certiorari referred to therein to be amended *nunc pro tunc* as to the date of issuance, and that said writ should be attested by the justice of the Supreme Court who allowed and granted the same, and also from so much of said order as recites : " It is further ordered that the third and sixth objection made, *i. e.*, that the statement filed with the assessors was not properly verified, and that the same did not comply with section 36 of chapter 908 of the Laws of 1896, be and the same are each overruled."

On the 8th day of September, 1899, the respondent the Erie Railroad Company presented its petition, verified on the 7th day of September, 1899, to the Supreme Court, praying that a writ of certiorari issue to review an assessment on the property of the petitioner, made by the assessors of the town of Alden, in the county of Erie.

The petition alleges, in substance, that the petitioner is a railroad corporation, engaged in operating a railroad through the town of Alden in the county of Erie ; that its property therein consists of a single track, stations, toolhouse, tower, water tank, and other buildings and structures used for its purposes ; that such property was assessed at $135,000 ; that upon the " grievance day " the petitioner, by its duly authorized agent, appeared before the assessors and made application to them to correct the assessment and to reduce the amount assessed upon the petitioner's property, and filed with the assessors a statement under oath, specifying the respects in which the assessment complained of was incorrect; that at the same time the petitioner produced witnesses who gave evidence in support of the claim made by it that such assessment was illegal,

erroneous and unequal, and that no contrary evidence was given; that thereafter the assessment roll was completed and the assessment on the property of the petitioner was unchanged by the assessors, and it is alleged that said assessment was and is illegal, excessive, unequal and unjust.

Various acts and omissions on the part of the assessors are set forth in the petition, which it is alleged make the assessment on the petitioner's property, the assessment roll and the procedings of the assessors void. The petition specifically alleges that the assessment of the property is erroneous by reason of overvaluation; that the full value of such property does not exceed $115,000, and that it is assessed for $135,000, thus overvaluing the same to the extent of $20,000.

It is also specifically alleged in the petition that such "assessment roll is unequal, in that such assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, which other property has not been assessed at its full and true value." A schedule of such other property is attached to the petition, in which the alleged true value and the assessed valuation are set forth.

Upon all the facts stated a writ of certiorari was prayed for, in order that the assessment might be reviewed in accordance with the provisions of the statute.

Upon such petition, and on the 8th day of September, 1899, a writ of certiorari was issued, directed to the three assessors of the town of Alden, and to the town clerk and supervisor of said town, directing them to make return of said assessment roll and of all their actions and proceedings in regard thereto, at a Special Term of the Supreme Court to be held in and for the county of Erie on the 25th day of September, 1899. The writ was not signed by the justice who allowed the same. It did not show that it was issued upon the relation of the Erie Railroad Company, and did not specify the time within which the return should be served upon the relator's attorneys.

On the "grievance day" appointed by the assessors the respondent appeared before them, and filed with them a statement in writing, objecting and protesting against the assessment of its property as made, upon the following grounds :

PEOPLE ex rel. ERIE R. R. CO. *v.* WEBSTER. 559

App. Div.]     Fourth Department, March Term, 1900.

" 1. That said assessment roll is illegal, incorrect and erroneous insomuch and for the reason that it has not been prepared, or is not made, in accordance with the law and statutes in such cases made and provided.

" 2. That such assessment roll is illegal, incorrect and erroneous for the reason that a large amount of property which should be assessed thereon is entirely omitted therefrom.

" 3. That the assessment of said company's property in said roll is illegal, incorrect and erroneous, for the reason that the valuation placed on said property is excessive and greater than the full value of said property.

" 4. That the assessment of said company's property in said roll is illegal, incorrect and erroneous, for the reason that the valuation placed on said property is unequal, and not in proportion to the valuations placed upon the other property set forth in said roll, but is in excess thereof, and is assessed at a higher proportionate valuation than other properties on the same roll.

" Said company alleges that it will be injured by reason of such incorrect and unequal assessment of its property.

" (Signed)     ERIE RAILROAD COMPANY,

" By Harrison Williams,

"*Tax Agent.*"

Such statement was verified by said Harrison Williams, as follows :

" State of New York, } ss. :
*County of Erie, Town of Alden,*

" Harrison Williams, being duly sworn, deposes and says that he is the Tax Agent of the Erie Railroad Company, the corporation named in and which executed the foregoing statement, and that as such Tax Agent he signed the same, being duly authorized so to do and to make this verification; that matters set forth in said statement are true, as deponent verily believes.

" (Signed)     HARRISON WILLIAMS.

" Subscribed and sworn to before me }
this 22d day of August, 1899.

" F. W. Zoeller,

"*Assessor.*"

560 PEOPLE ex rel. ERIE R. R. CO. v. WEBSTER.

FOURTH DEPARTMENT, MARCH TERM, 1900. [Vol. 49.

It does not appear that the assessors objected to said statement, or refused to receive it for the reason that it was not in proper form, or because it was not properly verified, or because it was indefinite and did not specify the particulars in which the assessment was unequal or the facts which made it excessive, or upon any other ground; but it does appear by the petition that the assessors took evidence offered by the petitioner in support of the allegations contained in the statement filed with them by the respondent.

The appellants made a motion to quash the writ of certiorari issued herein, upon the following grounds:

1. The writ does not purport to be upon the relation of the relator, the Erie Railroad Company.

2. The writ does not prescribe therein the time within which a return shall be served upon the relator's attorney, as provided by section 251.

3. The statement filed with the assessors does not state that the person making the same had knowledge of the facts, as required by section 36. It need not be a personal knowledge, but if made upon information and belief it must at least state the sources of the agent's knowledge.

4. The writ is a State writ, and by the express provisions of the Code the justice granting the same is required to sign an allowance thereof.

5. The writ is directed to different officers, having no joint or common duty, and is bad for multifariousness. The writ should go to the officers making the assessment, as required by section 251.

6. The statement does not comply with section 36 in that it does not state in what respect the assessment is incorrect.

7. That, in any event, the writ should be dismissed as to the town clerk, on the ground that he is not a proper party to the writ and had nothing to do with the roll and has not had possession thereof.

The respondent moved to amend said writ, *nunc pro tunc*, in the following particulars:

So that said writ should state that it was issued upon the relation of the relator, the Erie Railroad Company.

So that it would provide that service of the return be made upon the relator's attorney at the same time that said defendants make and present their return to this court, as directed in said writ, and

PEOPLE ex rel. ERIE R. R. CO. v. WEBSTER. 561

App. Div.]     Fourth Department, March Term, 1900.

that said writ be subscribed by the justice of the Supreme Court granting the same.

Such motions came on to be heard together at a Special Term of the Supreme Court on the 5th day of October, 1899, and, after hearing counsel for the respective parties, an order was made amending the writ, as prayed for by the respondent, and overruling the third and sixth objections made by the appellants, namely, that the statement filed with the assessors was not properly verified and that the same did not comply with section 36 of chapter 908 of the Laws of 1896, in that it does not state in what respect the assessment is incorrect.

The order further provided that the writ, as against the town clerk and supervisor of the town of Alden, be dismissed, with ten dollars costs of motion. From the order so made this appeal is taken.

*Charles F. Tabor*, for the appellants.

*William L. Marcy*, for the respondent.

McLennan, J. :

No question is raised upon this appeal as to the sufficiency of the petition, but it is urged that the statement made by the respondent and filed with the assessors on " grievance day " is insufficient, is not in compliance with law, and was and is wholly ineffectual for any purpose, because it is not verified as required by law, and because it does not state in detail, or specifically point out, how or in what respect the assessment complained of is incorrect, and that, therefore, the relator is not entitled to review such assessment.

Section 36 of chapter 908 of the Laws of 1896 provides : " The assessors shall meet at the time and place specified in such notice and hear and determine all complaints in relation to such assessments brought before them, and for that purpose may adjourn from time to time. Such complainants shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect, which verification must be made by the person assessed or whose property is assessed, or by some person authorized to make such statement and who has knowledge of the facts stated therein. The assessors may administer oaths,

# 562  PEOPLE ex rel. ERIE R. R. CO. v. WEBSTER.

FOURTH DEPARTMENT, MARCH TERM, 1900.  [Vol. 49.

take testimony and hear proofs in regard to any such complaint and the assessment to which it relates. If not satisfied that such assessment is erroneous, they may require the person assessed, or his agent or representative, or any other person, to appear before them and be examined concerning such complaint, and to produce any papers relating to such assessment with respect to his property or his residence, for the purpose of taxation. * * * The assessors shall, after said examination, fix the value of the property of the complainant, and for that purpose may increase or diminish the assessment thereof."

The statute only requires that the person verifying the statement, whether he be the person assessed or the owner of the property assessed, or other person authorized to make such statement, shall have knowledge of the facts therein stated. Such person is not required to have personal knowledge of the facts. If that were required it would be practically impossible for any agent of a corporation, or even an agent of an individual, to furnish a statement which would comply with the statute. There is not a single fact stated in the statement in question which could be within the actual and personal knowledge of any officer or agent of the relator. It appears that the statement in question was made and signed by the tax agent of the relator ; was verified by him, and he swears that the facts set forth in the statement are true, as he verily believes. The affiant does not give the sources of his information, palpably because, by reason of his office, he has more full and accurate knowledge as to the material facts stated than any other person connected with the relator could have.

In the case of *People ex rel. West Shore R. R. Co.* v. *Johnson* (29 App. Div. 75) a statement like the one in the case at bar was made by an agent of the relator authorized to make the same, and it was stated in the verification that it was made upon information and belief, and that the sources of information were letters received from the tax agent of the relator. It was held that the verification in that case was sufficient.

In the case at bar the tax agent of the relator, instead of sending the information in regard to the assessment to another, to enable such other to verify the statement, made the verification himself. If, in the *West Shore Case (supra)*, information given to the affiant

PEOPLE ex rel. ERIE R. R. CO. *v.* WEBSTER.   563

App. Div.]   Fourth Department, March Term, 1900.

by the tax agent made him competent to verify the statement required by statute, it must follow that if the verification had been made by the tax agent having such information, it would also have been sufficient.

In case a corporation feels itself aggrieved on account of an assessment made upon its property, and desires to file a statement on "grievance day," pursuant to statute, with the board of assessors making the same, for the purpose of having such assessment reduced, or to enable it to review the same, the tax agent of such corporation will be presumed to have sufficient knowledge of the facts relating to the assessment of its property to make him competent, within the meaning of the statute, to verify such statement, and the sources of such knowledge need not be stated.

We think the court below properly overruled the objection of the appellants that "the statement filed does not comply with section 36, in that it does not state in what respect the assessment is incorrect."

As we have seen, the statement filed with the assessors alleged:

"3. That the assessment of said company's property in said roll is illegal, incorrect and erroneous, for the reason that the valuation placed on said property is excessive and greater than the full value of said property.

"4. That the assessment of said company's property in said roll is illegal, incorrect and erroneous, for the reason that the valuation placed on said property is unequal and not in proportion to the valuations placed upon the other property set forth in said roll, but is in excess thereof, and is assessed at a higher proportionate valuation than other properties on the same roll."

The statute provides: "Such complainants shall file with the assessors a statement, under oath, specifying the respect in which the assessment complained of is incorrect."

Under the statute, if the error complained of is that the assessment is unequal, a complainant filing such statement is not required to state therein the instances wherein the other property upon the roll has been assessed at a less proportionate valuation than the property of such complainant. Such requirement would involve the preparation of the case for trial at the time of filing the statement, which is the first step in the proceeding. In the statement in this case the broad fact is stated that the assessment complained of is

:564  PEOPLE ex rel. ERIE R. R. CO. v. WEBSTER.

Fourth Department, March Term, 1900.          [Vol. 49.

illegal, incorrect and erroneous, for the reason that the valuation placed on the relator's property is unequal, and not in proportion to the valuation placed on the other property set forth in the assessment roll. The statement made is as full as it could have been made, unless the relator, at the time, and before taking the preliminary step of filing it, had taken pains to ascertain the value of all the real property in the town.

We think it was unnecessary to embody such facts in such preliminary statement; that the provision of the statute which requires the complainant to specify the respect in which the assessment complained of is incorrect, is complied with by stating that the property is assessed for more than its full value, or that the assessment is proportionately larger than upon all the other property in the town. In other words, that the requirement of the statute is met by pointing out the error which is complained of, and that a statement of all the facts constituting such error is not required.

Section 1, chapter 269 of the Laws of 1880, provides: " A writ of certiorari may be allowed by the Supreme Court on the petition * * * when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality," etc.

In construing that statute, in *Matter of Corwin* (135 N. Y. 252), the court says: " Objection is made to the sufficiency of the petition upon which the order for the writ was granted, which we think is based upon a misconception of the office of a petition in such a proceeding. It is in the nature of a pleading and only conclusions of fact need be stated, and not the evidence necessary to support them. The statute says that the writ may be allowed on the duly verified petition of the taxpayer, when the petition shall set forth that his assessment is unequal, in that it has been made at a higher proportionate valuation than other property on the same roll, and that he will be injured by such unequal assessment. It may well be questioned whether an averment in the petition in the words of the statute would not be sufficient to confer jurisdiction."

In *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Budlong* (25 App. Div. 373), which was a proceeding under the act in question, the petition alleged that the valuation placed by the assessors upon the relator's property was ninety-five per cent of its full value, and that the valuation placed upon all the other property in the town

was only fifty per cent of its full value. A writ of certiorari was allowed on such petition, and a motion was made to dismiss the writ on the ground that "it is not specified in the petition 'the instances in which such inequality exists, and the extent thereof.'" The court, at Special Term, dismissed the writ, but the order was reversed by the appellate court, which held that the allegations contained in the petition were sufficient.

We think the rule may be stated to be that where a person assessed complains because his property is assessed proportionately higher than other particular pieces of property upon the same roll, he should specify such pieces of property and state their value; but where the allegation is that the property of the person complaining is assessed proportionately higher than any of the other property in the town (which is in effect the allegation in the case at bar), the valuation of all the different properties in the town need not be stated, or particular instances of value given. Such rule can work no hardship to the assessors, because, under the statute, they have power to require any additional information to be furnished or given by any complainant, if they deem it necessary.

The assessors, by receiving and filing the statement made and verified by the relator, without objection either to its form or substance, and receiving evidence in support of the allegations which it contained, waived any objection which might be made to the form of such statement, or because it was not sufficiently definite. (*Matter of Corwin, supra,* 251; *People ex rel. West Shore R. R. Co.* v. *Johnson, supra,* 79.)

We think the court had power to amend the writ of certiorari, as was done by the order appealed from. (*People ex rel. Hasbrouck* v. *Supervisors,* 135 N. Y. 522; *People ex rel. Benedict* v. *Roe,* 25 App. Div. 107; *People ex rel. Brooklyn Elevated R. R. Co.* v. *Assessors,* 10 id. 393; *Matter of Winegard,* 78 Hun, 62; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Cook,* 62 id. 303.)

The conclusion is reached that so much of the order as is appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred.

So much of the order as is appealed from affirmed, with ten dollars costs and disbursements.