## In re IBERT.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

1. EXECUTORS AND ADMINISTRATORS—SALE OF PROPERTY TO PAY DECEDENT'S DEBTS—PETITION—JURISDICTION.

   A petition for the sale of a decedent's property to pay his debts, which sets out all the facts showing the indebtedness to the petitioner, is sufficient to confer jurisdiction on the surrogate, although it does not show a mortgage against the property, and does not name the mortgagees as parties.

2. SAME—AMENDMENT OF PETITION.

   Under Code Civ. Proc. § 2754, providing that, in proceedings for the sale of decedent's property to pay his debts, if "upon inquiry it appears to the

surrogate that any heir or devisee, or person claiming any interest in the property under an heir or devisee, is not named in the petition, the citation must also be directed to him," a petition in such a proceeding may be amended so as to set out a mortgage which is a lien against the property sought to be sold.

8. SAME—LIMITATION OF ACTIONS.

Where a petition for the sale of decedent's property to pay his debts was filed before limitations had run, it may be amended, after the statute has run, so as to set up a mortgage lien existing against the property.

Appeal from surrogate's court, Kings county.

Application by Frank Ibert, as creditor of the estate of Barbara Berker, deceased, for authority to mortgage, lease, or sell the real property of decedent for the payment of her debts. From an interlocutory order made by the surrogate allowing an amendment of the petition, and authorizing the issue of a supplemental citation bringing in certain parties, Helena Bachmann appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Richard Cohn, for appellant.
Robert H. Wilson, for respondent.

HATCH, J. The proceeding was instituted, under the statute, to lease, mortgage, or sell the real property of the decedent for the payment of her debts. As to parcel No. 1, described in the petition, the averment was that it was not incumbered by any lien or liens, except the judgment upon which the proceeding is based. In fact, the heirs of the decedent had mortgaged this property to Carl and Margaretha Drager, and such mortgage was a lien thereon at the time the proceeding was instituted. Upon discovery of these facts, the petitioner moved before the surrogate to amend the petition by setting out said mortgage as a lien, and further asked that a supplemental citation issue, bringing in the mortgagees as parties to the proceeding. The amendment having been granted, Helena Bachmann, a purchaser of the premises, appeals.

It is the claim of the appellant that the petition is insufficient in law to confer jurisdiction upon the surrogate to entertain the proceeding; that no authority exists to grant the amendment, and, if it did, the statute of limitations having run, the mortgagees' rights cannot be cut off. That the petition in the present case sets out all of the facts showing the indebtedness of the decedent to the petitioner, as required by the statute, is not disputed. This was sufficient to confer upon the surrogate jurisdiction to act. In re Bank, 39 Hun, 181; In re Bingham (Sup.) 10 N. Y. Supp. 325. The surrogate, having jurisdiction, had power to grant the amendment. The Code of Civil Procedure contemplates the bringing in of parties, after inquiry, by the surrogate, if it then appear that such person or persons claim an interest in the property affected by the proceeding, either as heirs or devisees, or who claim under or through them. Such person or persons, although not named in the citation, may voluntarily intervene in the proceeding and prove their debt or lien. Sections 2754, 2755. Authority abundantly supports this conclusion, and the fact that the statute of limitations

has run against instituting the proceeding is no bar to granting such an amendment. In re Bingham, 127 N. Y. 296, 27 N. E. 1055. Where jurisdiction of the particular proceeding exists, the authority to amend exists, and such rule is applicable to special proceedings. People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769. The order granting the amendment was proper. It should therefore be affirmed.

Order of surrogate's court of Kings county affirmed, with $10 costs and disbursements. All concur.