(48 Misc. Rep. 323)

## In re WHEELER.

(Surrogate's Court, Suffolk County. September, 1905.)

EXECUTORS AND ADMINISTRATORS—SALE OF DECEDENT'S LAND—PETITION— AMENDMENT.

Under Code Civ. Proc. § 2754, providing that on application to sell real estate of a decedent, if it appear to the surrogate that any person claiming an interest is not named in the petition, the citation must also be directed to him, the omission to name, in a petition for the sale of real estate, one claiming an interest under the heirs of the decedent, is not fatal; but the petition may be amended or supplemental citation issued.

In the matter of the application of Wesley J. Wheeler for the sale of the real estate of Frank P. King, deceased. Motion to dismiss petition denied.

Percy L. Housel, for the motion.
Timothy M. Griffing, opposed.

BELFORD, S.   This is a proceeding for the mortgage, lease, or sale of decedent's real estate for the payment of his debts.   Upon the return day of the citation, all parties named in the petition having been properly served and a special guardian being appointed for the infants cited, the matter was adjourned to a day certain, at which time the moving party herein appeared specially for the sole purpose of moving for the dismissal of the petition upon the ground of defects or omissions therein going to the jurisdiction of the court. The omission insisted upon as fatal to the further progress of the proceeding is the failure to name in the petition one Nicholas J. Kearney, a person claiming under the heirs of the decedent.   Without passing upon the question of the right of the moving party to make himself a party to the proceeding to the sole extent and for the sole purpose of having the proceeding thrown out of court altogether, I am of the opinion that the Code of Civil Procedure, if not explicitly, at least by plain implication, makes provision for the very condition that is presented here.   Had this omission been known at the time of the presentation of the petition, it would still have been the surrogate's duty to have cited this party, even though not named in the petition.   Section 2754 of the Code provides that:

"If, upon the inquiry, it appears to the surrogate, that any heir or devisee, or person claiming an interest in the property under an heir or devisee, is not named in the petition, the citation must also be directed to him."

If the mere failure to name an interested party in the petition were fatal upon the question of jurisdiction, then it would be the surrogate's duty to dismiss the proceeding not to cite the party; and if the surrogate has power to so act upon the presentation of the petition, why not at any stage of the proceeding prior to any order affecting the sale of the premises themselves?   It is not disputed that, if such an order had been made prior to the discovery of this omission, the order would have been void.   But that is not the case presented here.   No order of any kind affecting the premises has been entered.   It is now within the knowledge of the court that Kearney is a proper party to this proceeding; and if the court with such knowledge at the time of the presentation of the petition might have directed the original citation to him, though not named in the petition, why may the court not now direct a supplemental citation to him upon the same knowledge and to the same end.   Nor is authority for this position wanting.   Matter of Ibert, 48 App. Div. 510, 62 N. Y. Supp. 1051, is I think directly in point.   The court here says:

"The Code of Civil Procedure contemplates the bringing in of parties, after inquiry, by the surrogate if it then appear that such person or persons claim an interest in the property affected by the proceeding, either as heir or devisee, or as one who claims under or through them."

. · I am of the opinion that the petitioner can either amend his petition by inserting the name of this party and reciting his interest in the premises, or, upon proper affidavits presented to the court, can ask for a supplemental citation directed to him.   .  ·

The motion to dismiss is therefore denied.

Motion denied.