STOW et al. v. COMMON COUNCIL OF CITY OF KINGSTON.

(Supreme Court, Special Term, Ulster County. December, 1898.)

KINGSTON CITY CHARTER—REVIEW OF ASSESSMENT OF COMMON COUNCIL—CER-
TIORARI.

Under the Kingston city charter (Laws 1896, c. 747), providing that, when
an assessment shall be confirmed, a duplicate of the certificate, which shall
be deemed an original, shall be filed with the city clerk, and that such clerk
shall be custodian of all city records and clerk of the common council,
certiorari will lie to review an assessment after the certificate and war-
rants have passed to the treasurer, since the record is still under the coun-
cil's control.

Application by Daniel B. Stow and others against the common coun-
cil of the city of Kingston for certiorari to review a special assessment,
under the provisions of its charter (Laws 1896, c. 747). Granted.

George R. Adams, for petitioner.

John W. Searing, Corp. Counsel, for city of Kingston.

CLEARWATER, J. The affidavits filed by the corporation counsel
state that the common council, on the 21st day of October, confirmed
the special assessments involved in this application, and that on the
next day warrants for the collection of the assessments, under the seal
of the city, and the signature of the mayor and city clerk, were issued
and delivered to the treasurer, commanding him to collect the amount
thereof. The learned corporation counsel thereupon makes the pre-
liminary point that, the certificate and warrants having passed into
the hands of the treasurer before a writ of certiorari was obtained, it
is now too late to compel the common council to reverse its action, even
if it have committed error, for the reason that its power is spent. The
charter of the city provides that, when any assessment of the character
here involved shall be finally confirmed, the certificate thereof, to-
gether with a duplicate, shall be filed with the city clerk, and both shall
be deemed originals, to either of which shall be annexed the warrant
for the collection of the assessment. It makes the city clerk the custo-
dian of all the records, books, and papers of the city, declares his office
a town clerk's office for designated purposes, and provides that he shall
act as the clerk of the common council. Laws 1896, c. 747. The rec-
ord, therefore, is, or legally should be, still under the control of the
common council. The Code of Civil Procedure makes a writ of certio-
rari a state writ, which can be granted only at a term of the appellate
division of the supreme court or at a special term thereof. As the
appellate division and the special term are not always in session, it is
manifest that, if the contention of the corporation counsel be correct, the
common council can always, by acting with the celerity it did in this
instance, prevent any review of its action by certiorari, no matter how
grossly unjust such action might be. It is highly improbable that the
legislature intended by the charter to confer such absolute power upon
a body of such limited jurisdiction. The case of People v. Tompkins,
40 Hun, 228, relied upon by the corporation counsel, was disapproved

by the court of appeals in Re Corwin, 135 N. Y. 245, 32 N. E. 16, in so far as it may be construed to hold that the writ could not issue after the assessors had parted with the roll. It is important that every citizen should be afforded protection against possible oppressive action of municipal bodies, and while the contention that the common council could have assessed the entire cost of this improvement upon the property of the relators, instead of 75 per cent. thereof, may be tenable, it is not to be assumed that that body would, in this instance, have departed from the practice of many years. That, however, is a question which can be more fully considered hereafter, and without, therefore, discussing the merits of the case, the preliminary objection is overruled, and a writ of certiorari is granted.