PEOPLE ex rel. ROCHESTER TELEPHONE CO. v. PRIEST et al., State
Tax Com'rs.

(Supreme Court, Appellate Division, Third Department.  May 11, 1904.)

1. TAXATION—SPECIAL FRANCHISE—ASSESSMENT—CERTIORARI—PARTIES—MU-
NICIPAL CORPORATION.
Tax Law (Laws 1896, p. 882, c. 908) art. 11, § 251, provides that the
justice or court may allow a writ of certiorari to the officers making the
assessment, to review it.  Section 45, as amended by Laws 1900, p. 510,
c. 254, provides that an assessment of a special franchise by the State
Board of Tax Commissioners may be reviewed in the manner provided by
article 11, and that the writ of certiorari must run to, and be answered
by, the State Board of Tax Commissioners, and that no writ shall run
to any other board or officer unless otherwise directed by the court grant-
ing the writ.  An adjudication made in the certiorari proceeding is de-
clared to be binding on the local assessors and ministerial officers in the
same manner as if they had been made parties.  *Held* that, in certiorari
to review the assessment of a special franchise, a municipal corporation
cannot be made a party.

Appeal from Special Term, Albany County.

Certiorari by the people, on the relation of the Rochester Telephone
Company, against George E. Priest and others, as State Tax Com-
missioners.  From an order granting a motion to make the city of
Rochester a party defendant, relator appeals.  Reversed.

The relator is a telephone corporation operating a telephone system in the
city of Rochester.  In 1903 the respondents fixed and determined the valuation
of the relator's special franchise subject to assessment in the city of Roches-
ter and in the several tax districts thereof.  This proceeding was commenced
to review such determination and assessment.  A writ of certiorari was duly
issued, directed to the respondents, and they made their return thereto; and
a hearing was had at the Special Term, and the evidence relating to the issues
was taken and closed.  Prior to the decision of the court being signed and
filed, the city of Rochester made application by motion for an order "making
the city of Rochester and its assessors parties defendant in this proceeding,
with leave to serve their answers to the relator's petition with the same force
and effect as if they had been made parties defendant herein at the time of
the commencement of the proceeding."  The order appealed from was then
made.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Satterlee, Bissell, Taylor & French (Charles T. Bissell, of counsel),
for appellant.

John Cunneen, Atty. Gen., for respondents.

W. W. Webb, for respondent city of Rochester.

CHASE, J.  Certiorari, except as it has been enlarged and ex-
tended by statute, is a common-law writ.  In its office, it is confined
to reviewing proceedings of inferior courts, officers, boards, and tri-
bunals, where there is no other remedy provided by statute.  The
writ, in terms, directs inferior courts, officers, boards, or tribunals
to certify to the superior court the record of their proceedings for
inspection and review, and the writ can run only to persons or tri-
bunals that have acted judicially in making the determination sought

to be reviewed. The purpose and extent of a statutory writ is defined by the statute authorizing it. The writ of certiorari authorized by article 11 of the tax law (chapter 908, p. 882, Laws of 1896) is a special statutory writ:

The Court of Appeals, in Mercantile National Bank v. Mayor, etc., of N. Y., 172 N. Y. 37, 64 N. E. 758, say:

"With the enactment of chapter 269 of the Laws of 1880, there was created a new and complete system for reviewing upon certiorari, and for thereby correcting the errors of assessing officers. People ex rel. Wallkill Valley R. R. Co. v. Keator, 101 N. Y. 610, 3 N. E. 903. It rendered inapplicable the provisions of the Code of Civil Procedure relating to the writ of certiorari (People ex rel. Church of the Holy Communion v. Assessors, 106 N. Y. 671, 12 N. E. 794; Matter of Corwin, 135 N. Y. 245, 32 N. E. 16), and resumed within itself the remedies available to a taxpayer aggrieved by the action of the assessing officers. What was discretionary at common law now became a right. I think that that act became the only authority for the review of errors in assessments for purposes of taxation."

Chapter 269, p. 402, of the Laws of 1880, was repealed when the tax law was enacted, but the language of the court quoted is applicable to sections 250 to 256 of said article 11 of the tax law. We must look to the statute, therefore, to ascertain whether the city of Rochester was properly made a party to the proceeding.

By section 251, art. 11, of the tax law, it is provided:

"The justice or court may allow a writ of certiorari to the officers making the assessment to review such assessment."

By section 45 of said tax law, as amended by chapter 254, p. 510, Laws 1900, it is provided:

"An assessment of a special franchise by the State Board of Tax Commissioners may be reviewed in the manner prescribed by article eleven of this chapter, and that article applies so far as practicable to such an assessment in the same manner and with the same force and effect as if the assessment had been made by local assessors. * * * Such writ must run to and be answered by said State Board of Tax Commissioners and no writ of certiorari to renew any assessment of a special franchise shall run to any other board or officer unless otherwise directed by the court or judge granting the writ. An adjudication made in the proceeding instituted by such writ of certiorari shall be binding upon the local assessors and any ministerial officer who performs any duty in the collection of said assessment in the same manner as though said local assessors or officers had been parties to the proceeding."

While the writ of certiorari to review a local assessment can run to the officers making the assessment only, the statute would seem to recognize that, in reviewing an assessment of a special franchise made by the State Board of Tax Commissioners, it may be necessary to have before the court the record of some other board or officer, and the court is consequently given authority to direct that the writ shall run to such other board or officer, to the end that such other board or officer can return to it such record as to the court or judge shall seem necessary for the review of the assessment of said special franchise; but there is nothing in said act, particularly when interpreted in the light of the law and practice as applied to common-law certiorari, to authorize the court to bring before it a municipal corporation as such as a party defendant. No express or implied author-

ity for making a municipal corporation a party defendant in this proceeding having been called to our attention, we are of the opinion that the order as made was without authority.

The order should be reversed, with $10 costs and disbursements. All concur.